584 P.2d 165

**STATE of New Mexico,
Plaintiff-Appellant,**

v.

**John BARTON, Steve Rodriguez, and
Nancy Galloway,
Defendants-Appellees.**

**Nos. 3212, 3213 and 3214.**

Court of Appeals of New Mexico.

March 14, 1978.

Writ of certiorari denied Aug. 17, 1978.

Toney Anaya, Atty. Gen., Roderick A. Dorr, Asst. Atty. Gen., Anthony Tupler, Asst. Dist. Atty., Santa Fe, for plaintiff-appellant.

Tom Cherryhomes, Carlsbad, for appellee Rodriguez.

James L. Shuler, Shuler, Murphy & Shuler, Carlsbad, for appellee Galloway.

Joseph Erwin Gant III, Carlsbad, for appellee Barton.

## OPINION

WOOD, Chief Judge.

These consolidated appeals involve the propriety of the trial court's order suppressing evidence. We discuss: (1) the initial stop; (2) probable cause to arrest; and (3) search contemporaneous with the arrest. We hold the stop, the arrest, and the search were valid. This results in reversal of the trial court's order. Accordingly, we need not discuss the question of the trial court's sua sponte dismissal of the charges against the defendants. See *State v. Session*, 91 N.M. 381, 574 P.2d 600 (Ct.App.), decided January 3, 1978.

*The Initial Stop*

Deputy West received a telephone call from an informer. "The information was that there were more [four?] people in the motel room at the Stagecoach Inn, Room 259, he named the four people". There were two males and two females. One of the four was a "fellow by the name of Steve, described his physical appearance, from Oklahoma". The informer said "they had approximately an ounce and a half of heroin. . . . He indicated they were getting ready to leave for Oklahoma and described the vehicle they were driving. . . . A late model red Ford pickup with Oklahoma plates and a motorcycle in the back."

The sheriff and Deputy West went to the motel and ascertained that the occupants of Room 259 had left. They immediately put out a radio call to be on the lookout for the vehicle. It was located, stopped, at the Quicky Mart, where it and its occupants were detained.

"The Court finds that the reliability of the informant was not established by the complainant officer, therefore, such information gained from the informant was not sufficient to establish probable cause to stop the Defendants at the Quicky Mart."

The above finding is erroneous. No probable cause for arrest was necessary; what was required of the officers was a reasonable suspicion that the law has been or was being violated. *State v. Galvan*, 90 N.M. 129, 560 P.2d 550 (Ct.App.1977).

The trial court was of the view that the information provided by the informer was an insufficient basis for the investigatory detention because the reliability of the informer had not been established. We need not review Deputy West's testimony to determine whether he had a sufficient factual basis for believing the informer. See *Hudson v. State*, 89 N.M. 759, 557 P.2d 1108 (1976), cert. denied, 431 U.S. 924, 97 S.Ct. 2198, 53 L.Ed.2d 238 (1977). We need not do so because the officer acquired sufficient verification of the informer at the motel to provide a basis for an investigatory detention.

At the motel, the officers checked the registration. Room 259 had been occupied by Steve Rodriguez, with a rural route box number of Krebbs, Oklahoma. The officers learned from motel personnel that the occupants of Room 259 "had just left in a red Ford pickup with an Oklahoma license on it. I believe he stated there was a Mexican male, an Anglo male and two females."

After checking with motel personnel, the informer's information had been verified in the following details—there was a Steve from Oklahoma, there was a red Ford pickup with Oklahoma license plates, there had been four people in the motel room, two were male and two female. The informer said they were getting ready to leave; motel personnel said they had just left. With

these specific facts verifying the informer's information, the officers, as persons of reasonable caution, could believe that an investigatory stop was appropriate. *State v. Hall,* 90 N.M. 554, 566 P.2d 103 (Ct.App. 1977); *State v. Garcia,* 83 N.M. 490, 493 P.2d 975 (Ct.App.1971).

### Probable Cause to Arrest

■ The trial court found there was no probable cause to arrest. We disagree.

After putting out the radio call to stop defendants' vehicle, the sheriff and Deputy West went to Room 259 which had been registered to Rodriguez. There were three rooms. On the dressers in each of the rooms was a quantity of burnt matches, but no evidence of cigarettes having been smoked. In addition, there were two towels with blood spots on them. The spots were the size of a dime. Based on his training and experience, the sheriff was of the view that the towels had been used to dab blood from an arm in which a hypodermic needle had been used.

At this point, the sheriff and Deputy West had three items of information: 1) information from motel personnel, 2) information from the search of the motel rooms, and 3) informer's information which had been verified. These items were sufficient to warrant the officers, as men of reasonable caution, to believe that an offense had been or was being committed. This was probable cause for arrest. *State v. Santillanes,* 89 N.M. 727, 557 P.2d 576 (Ct.App. 1976).

### Search Contemporaneous With Arrest

■ The trial court ruled that the search of the pickup, contemporaneous with the arrest of defendants, was not

a valid search incident to the arrest. The Defendants were outside the vehicle and the contents within the truck were not within the Defendants immediate control. Further, the warrantless search of the truck and its contents was not justifiable as an exigent circumstance of an automobile search, due to the fact that there were seven police officers and five police

units surrounding the Defendants and the truck. There was no likelihood that the vehicle could be moved, nor could any possible evidence have been lost from the control of the police or destroyed by an outside agency.

This ruling of the trial court overlooks the automobile exception to the requirement for searches pursuant to a warrant. *United States v. Chadwick,* 433 U.S. 1, 97 S.Ct. 2476, 53 L.Ed.2d 538 (1977); *Chambers v. Maroney,* 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970).

If there was probable cause to search the car where it was detained, the search was constitutionally valid. *Chambers v. Maroney,* supra; *Texas v. White,* 423 U.S. 67, 96 S.Ct. 304, 46 L.Ed.2d 209 (1975), rehearing denied, 423 U.S. 1081, 96 S.Ct. 869, 47 L.Ed.2d 91 (1976).

There was probable cause to search the vehicle for heroin. The probable cause was the information providing probable cause to arrest defendants for possession of heroin, and the fact that the defendants had checked out of the motel and were leaving in the pickup. With so much of the informer's information verified, the officers had reasonable grounds to believe that heroin would either be on the person of defendants or in the pickup. See *Draper v. United States,* 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327 (1959). There being probable cause to search, we need not consider whether the search is also justified as incident to a valid arrest. See *Adams v. Williams,* 407 U.S. 143, 92 S.Ct. 1921, 32 L.Ed.2d 612 (1972); *State v. Vallejos,* 89 N.M. 23, 546 P.2d 871 (Ct.App.1976).

The order suppressing evidence and dismissing the charges is reversed.

IT IS SO ORDERED.

HERNANDEZ and LOPEZ, JJ., concur.