627 P.2d 409

**STATE of New Mexico, Petitioner,**

v.

**Eldridge O. JONES, Respondent.**

**No. 13221.**

Supreme Court of New Mexico.

Jan. 26, 1981.

Jeff Bingaman, Atty. Gen., Marcia E. White, Asst. Atty. Gen., Santa Fe, for petitioner.

Martha A. Daly, Appellate Defender, Melanie S. Kenton, Asst. Appellate Defender, Santa Fe, for respondent.

OPINION

EASLEY, Chief Justice.

The district court granted Jones' motion to suppress evidence. The State petitioned for an interlocutory appeal to the Court of Appeals, 627 P.2d 413, which affirmed the

decision of the trial court. We granted certiorari and reverse.

The issues presented are: (1) whether the officers had probable cause to arrest and search Jones without a warrant and use the evidence obtained, and (2) whether the affidavit for search warrant adequately established the credibility of the informant and furnished support for the introduction of the evidence recovered in a search of Jones' apartment.

A police officer manning the phones of the Crime Stoppers Program, a voluntary citizen informant program operated by the Albuquerque Police Department, received a call from an anonymous informant. The caller stated that he had been in Jones' apartment within the last twelve hours and Jones had shown him narcotics which appeared to be controlled substances and bragged that they had been obtained by burglarizing several pharmacies in the Albuquerque area. Jones had stated that he had gained entry to two pharmacies through the roof and one pharmacy through the window.

The caller further described Jones and his car and stated that Jones had said that he transported narcotics in his car. Officers checked the Department records which revealed that three recent unsolved burglaries of Albuquerque pharmacies had been committed with a modus operandi as described by the citizen informant. The modus operandi of the burglaries had not been publicly revealed by the police.

The police undertook surveillance of the apartment named by the informant and prepared an affidavit for a search warrant containing the above information. Before the affidavit was submitted to a magistrate, Jones was observed by police officers emerging from the apartment named by the informant and getting into the car described by the informant. Jones matched the informant's description. The officers arrested him and searched his person. They found what they believed to be controlled substances. These facts were added to the affidavit for search warrant. A search warrant for Jones' apartment and car was then obtained, based upon the affidavit. Controlled substances were seized in a subsequent search of Jones' apartment.

The first issue is whether the officers had probable cause to arrest defendant and conduct a search of his person incident to the arrest based upon the information provided by the anonymous citizen informant.

■ No claim has been made that the search of Jones' person exceeded the scope of a lawful search incident to arrest. Thus the only question is whether the search was incident to a valid arrest. A warrantless arrest is valid where the officer has probable cause to believe that a crime has been committed by the person whom he arrests. *Rodriquez v. State*, 91 N.M. 700, 580 P.2d 126 (1978); *State v. Kaiser*, 91 N.M. 611, 577 P.2d 1257 (Ct.App.1978), *cert. denied*, 91 N.M. 491, 576 P.2d 297 (1978). Probable cause requires that the officer believe, and have good reason to believe, that the person he arrests has committed a felony. *Rodriquez, supra.*

■ The initial information possessed by the arresting officer that indicated that the defendant had committed a crime was an anonymous informant's tip. A warrantless arrest may be based upon information from other persons where the information is corroborated or verified to an extent sufficient to establish the informant's credibility. *See Whiteley v. Warden*, 401 U.S. 560, 91 S.Ct. 1031, 28 L.Ed.2d 306 (1971); *McCray v. Illinois*, 386 U.S. 300, 87 S.Ct. 1056, 18 L.Ed.2d 62 (1967); *State v. Rondeau*, 89 N.M. 408, 553 P.2d 688 (1976); *State v. Deltenre*, 77 N.M. 497, 424 P.2d 782 (1966), *cert. denied*, 386 U.S. 976, 87 S.Ct. 1171, 18 L.Ed.2d 136 (1967); *State v. Barton*, 92 N.M. 118, 584 P.2d 165 (Ct.App.1978), *writ quashed*, August 16, 1978.

■ The information supplied by the informant in this case was corroborated by the police investigators which revealed that

three recent pharmacy burglaries had been committed in exactly the manner described by the informant. The informant's credibility was thus established by his unique knowledge of the particular facts of the crime. Furthermore, Jones matched the description given by the informant and drove the car and lived in the apartment named by the informant. It was therefore reasonable for the officers to believe that the other information supplied by the informant was true.

With the officers having such detailed information that had been partially corroborated, it would be stretching the exclusionary rule to say that the officers had no probable cause to believe that Jones had committed or was committing a felony. Law is, or should be common sense. There would be no common sense to such a rule. We hold that the officers had probable cause to arrest the defendant, and were therefore entitled to conduct a reasonable search of defendant's person incident to the arrest.

■ The next issue is whether the affidavit submitted by the police officers was sufficient to provide probable cause for the issuance of a warrant for the search of defendant's apartment.

In *Aguilar v. Texas*, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964), the United States Supreme Court held that an affidavit may be based on hearsay information supplied by an informant so long as the magistrate is informed of some of the underlying circumstances from which the informant reached his conclusions, and some of the underlying circumstances from which the officer concluded that the informant was reliable, or his information credible.

Jones does not dispute that the first part of this test was satisfied by the affidavit in this case. Jones contends that the affidavit does not contain sufficient information from which it can be concluded that the anonymous informant was reliable, and the information credible.

In addition to the other information given by the informant, the officers found controlled substances on Jones when he was arrested. The previous discussion of the corroboration of the information supplied by the informant applies equally here. The credibility of the informant was established by the verification of the circumstances of the crimes as related by the informant, and the accuracy of the descriptions supplied by the informant.

We reverse the Court of Appeals and hold that the trial court erred in suppressing the evidence. The case is remanded to the trial court for trial on the merits.

IT IS SO ORDERED.

PAYNE, FEDERICI and RIORDAN, JJ., concur.

SOSA, Senior Justice, respectfully dissenting.