666 P.2d 1267

**STATE of New Mexico,
Plaintiff-Appellee,**

v.

**Mark Vincent GARCIA,
Defendant-Appellant.**

**No. 5890.**

Court of Appeals of New Mexico.

June 2, 1983.

Certiorari Denied July 22, 1983.

Janet Clow, Chief Public Defender, J. Thomas Sullivan, Asst. Appellate Defender, Santa Fe, for defendant-appellant.

Paul Bardacke, Atty. Gen., Barbara F. Green, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

DONNELLY, Judge.

Defendant appeals his convictions of criminal sexual penetration in the first degree contrary to NMSA 1978, § 30–9–11(A), and kidnapping, contrary to NMSA 1978, § 30–4–1. Seven issues have been raised on appeal. We answer three issues summarily and discuss (1) sufficiency of evidence of kidnapping by deception, (2) claim of error in jury instructions, (3) denial of defendant's motion to suppress, and (4) constitutionality of sentence. Other issues listed in the docketing statement, but not briefed, are abandoned. *State v. Edwards,* 97 N.M. 141, 637 P.2d 572 (Ct.App.), *cert. denied,* 97 N.M. 621, 642 P.2d 607 (1981). We affirm.

### Facts

The victim, a three year-old girl, left her home in an apartment complex, accompanied by her young cousin; the children had been sent to summon the victim's sister. Defendant, 18 years old, and a friend were boxing in the yard area of the apartments. The victim stopped to observe the boxing match. Several children saw the victim near the boxers and later saw her riding on the defendant's shoulders. She was next seen in her parents' apartment by her mother; she was crying, and bleeding from the vagina. The police were contacted and, upon their arrival, interviewed other children at the scene concerning the sexual attack. The victim was taken to St. Joseph's Hospital where she was physically examined. Two doctors concluded that she had been the victim of a sexual penetration.

### Issues Answered Summarily

(a) Defendant argues that the verdict finding him guilty of criminal sexual penetration was based on alternative grounds, one of which, sexual intercourse, was not supported by substantial evidence. Patricia Mitchell, a nurse who examined the victim, testified at trial that the child had stated to her that a boy had taken her into a ditch, a "big boy hurt me," and "he made me do it." A police officer, Eric Hammond, testified similarly. The blood type found in the crotch area of defendant's pants was determined to be consistent with the blood type of the victim and inconsistent with defendant's blood. Nurse Mitchell stated that she observed blood on the child's face and hands and a laceration extending from the child's vagina to her rectum. Two physicians also examined the child at the hospital following the incident. Both testified that the tear of the child's genital area was consistent with penile penetration.

In passing upon challenges as to the sufficiency of evidence, an appellate court must be convinced that when the evidence together with all proper inferences therefrom is viewed in a light most favorable to the State, a rational factfinder could have found the defendant guilty beyond a reasonable doubt of each element of the charge for which he was convicted. *State v. Tovar,* 98 N.M. 655, 651 P.2d 1299 (1982); *see State v. Sanchez,* 98 N.M. 428, 649 P.2d 496 (Ct. App.), *cert. denied,* 98 N.M. 478, 649 P.2d 1391 (1982). Proof of each alternative method alleged was sufficient to sustain

defendant's conviction. *Sanchez v. State,* 97 N.M. 445, 640 P.2d 1325 (1982). The verdict finding defendant guilty of criminal sexual penetration is supported by substantial evidence.

■ (b) The trial court sustained objections by the State to certain questions propounded by the defense to defendant's aunt, Agatha Trujillo. The questions concerned (a) the gist of her conversation with a police officer who entered her apartment shortly before defendant was arrested and (b) whether the officers secured permission to enter her apartment. Defendant asserts that the answers to these questions were not barred by the hearsay rule and that the court's ruling precluded him from developing evidence concerning lack of consent to his warrantless arrest.

Neither the record proper nor the transcripts of the pretrial hearing indicate that defendant ever asserted lack of consent as a basis for eliciting this testimony, nor was lack of consent to enter the apartment of defendant's aunt argued as a basis for suppression of evidence at defendant's pretrial motion hearing. Defendant's arguments concerning the hearsay objection of the State on appeal were not brought to the trial court's attention; hence this issue was not preserved for appellate review. *State v. Gutierrez,* 88 N.M. 448, 541 P.2d 628 (Ct.App.1975).

■ To warrant reversible error in the denial of the admission of testimony, defendant must show that there is a reasonable possibility that the trial court's failure to allow the answers to the questions propounded contributed to defendant's conviction. *State v. Callaway,* 92 N.M. 80, 582 P.2d 1293 (1978). Moreover, defendant failed to make an offer of proof in order to preserve this issue on appeal. NMSA 1978, Evid.R. 103(a)(2), provides that when the ruling of the trial court is one excluding evidence, the substance of the evidence sought to be elicited must be made known to the judge by offer of proof or must be apparent from the context within which the questions were asked. Error may not be predicated upon a ruling which admits or

excludes evidence unless a substantial right of defendant is affected. *Id.*

(c) Defendant was initially charged with engaging in sexual intercourse with a child under thirteen years of age. The trial court granted the State's pretrial motion to amend the indictment, because the victim's direct testimony was excluded from the trial on defendant's motion. Defendant was instead charged with "penetration to any extent and with any object to the genital area" of the victim. Defendant objected to the giving of any jury instructions referring to "sexual intercourse" or "penis" on the grounds that there was no evidence of any sexual penile penetration.

Defendant argues that prejudice flows from the expanded instruction because the instruction could have contributed to a compromise or non-unanimous verdict. Again, this contention was not presented to the trial court; thus, the issue has not been properly preserved. *State v. Gutierrez, supra.* Further, on appeal we decline to speculate as to the manner by which the jury arrived at its verdict or whether it was unanimous. The record is devoid of any showing of jury misconduct; the jury verdict was proper and legally sufficient. *State v. Utter,* 92 N.M. 83, 582 P.2d 1296 (Ct.App.), *cert. denied,* 92 N.M. 79, 582 P.2d 1292 (1978).

■ Additionally, defendant argues that the instructions complained of violated his Sixth Amendment right to notice as to each of the charges which he was required to defend against. In *State v. Armijo,* 90 N.M. 614, 566 P.2d 1152 (Ct.App.1977), the court found that prejudice occurred when the jury was charged concerning three methods of commission of the offense rather than the one method for which defendant had been indicted and tried. In finding that prejudice had been shown, the court held that defendant was not prepared to defend against additional theories of the offense charged. *Id.* Defendant has shown no prejudice under the facts herein. The instructions given by the trial court were consistent with the charges framed in the

amended indictment and under NMSA 1978, UJI Crim. 9.56 (Repl.Pamph.1982). Moreover, defendant was alerted in advance of trial as to the nature of the amended indictment. *See* NMSA 1978, Crim.P.R. 7(c) (Repl.Pamph.1980).

■ Defendant also argues that he was prejudiced by the use of the term "sexual intercourse" in the jury instructions because of the inflamatory nature of the terms inferring a claim of rape of a young child. Defendant relies upon *State v. Gallegos,* 96 N.M. 54, 627 P.2d 1253 (Ct.App. 1981). The latter authority is not applicable to the instant case. Defendant nowhere contends that the instructions given by the trial court were contrary to the form or substance of Uniform Criminal Jury Instructions. NMSA 1978, Crim.P.R. 41(d) (Repl.Pamph.1980); *cf. State v. Martin,* 90 N.M. 524, 565 P.2d 1041 (Ct.App.), *cert. denied,* 90 N.M. 636, 567 P.2d 485 (1977) (instructions not objected to became the law of the case). The instructions given were in accord with the evidence presented at trial. Defendant's third point is without merit.

## I. *Evidence of Kidnapping by Deception*

■ Defendant asserts that his kidnapping conviction was not supported by substantial evidence. Because of the youth of the victim, the trial court by order precluded her testimony at trial. The evidence marshalled against defendant was testimony of witnesses, who placed the victim with defendant shortly before the attack, together with medical and other circumstantial evidence. The defendant was charged with kidnapping by force or deception. NMSA 1978, UJI Crim. 4.02 (Repl.Pamp.1982). Defendant argues there was no evidence that the victim was in fact deceived and without evidence as to the victim's state of mind, no deception can be proven. We disagree.

The offense of kidnapping is defined in § 30–4–1, *supra,* as follows:

A. Kidnaping is the unlawful taking, restraining or confining of a person, by force or deception, with intent that the victim:

(1) be held for ransom;

(2) as a hostage, [be] confined against his will; or

(3) be held to service against the victim's will.

■ The record contains adequate evidence of kidnapping by deception. "Deception" is the act of deceiving; the intentional misleading of another by actions or falsehood. *See State v. Colbert,* 221 Kan. 203, 557 P.2d 1235 (1976); *State v. Dalton,* 98 Wis.2d 725, 298 N.W.2d 398, 16 A.L.R. 4th 654 (Ct.App.1980); *see also Everett v. Gilliland,* 47 N.M. 269, 141 P.2d 326 (1943). "Deceit" is any trick, collusion, contrivance, false representation, or underhanded practice, used to defraud another; to "deceive," i.e. "deception," is to take unawares, ensnare, mislead, delude or practice deceit. Webster's Third New International Dictionary (1969).

The word deception as employed in § 30–4–1, *supra,* necessarily implies that the victim be unaware that she was being kidnapped. *Colbert, supra.* As observed in *State v. Dalton, supra,* in kidnapping by deception, the "[o]ccasion for exercise of free will or choice [of the victim] will not ordinarily arise, and the induced travel from one place to another will usually appear consensual, if the deceit is successful." The term "deception," as employed in our kidnapping statute, embodies either affirmative acts intended to delude a victim or omissions that conceal the intent and purpose of an accused. *See State v. Stettheimer,* 94 N.M. 149, 607 P.2d 1167 (Ct.App. 1980); *State v. Dalton, supra.*

Testimony of witnesses confirmed that defendant gave the victim a ride on his shoulders, and she appeared happy. Shortly thereafter, defendant took the girl away toward an arroyo near the apartments. When the victim was next seen, she was bleeding from her vagina and crying. When police attempted to question defendant, he attempted to flee and became engaged in a struggle with them. Defendant's attempted flight constituted evidence of a consciousness of guilt. *State v. Trujillo,* 95 N.M. 535, 624 P.2d 44 (1981). An

examination of defendant's clothing after his arrest revealed that he had blood on the inside of his pants.

 Proof of the victim's state of mind is not essential to prove kidnapping by deception. Circumstantial evidence indicating that defendant kidnapped the victim by deception may properly serve as a basis for an inference of fact essential to the offense. *State v. Clark,* 80 N.M. 340, 455 P.2d 844 (1969); *State v. Jacobs,* 91 N.M. 445, 575 P.2d 954 (Ct.App.), *cert. denied,* 91 N.M. 491, 576 P.2d 297 (1978); *see State v. Paul,* 82 N.M. 619, 485 P.2d 375 (Ct.App.), *cert. denied,* 82 N.M. 601, 485 P.2d 357 (1971). It is not an essential element of kidnapping by deception that the victim knew at the time that she was being kidnapped.

The evidence supports the conviction of kidnapping, that defendant intentionally took the victim by deception and held her for service against her will.

## II. *Denial of Requested Jury Instruction*

 The trial court denied defendant's request to give a tendered instruction on the offense of enticement of a child. *See* NMSA 1978, UJI Crim. 9.72 (Repl.Pamp. 1982). The instruction as submitted averred that enticement of a child, NMSA 1978, § 30–9–1, was a lesser included offense of the crime of Criminal Sexual Penetration alleged in Count I of the indictment.

 The offense of enticement of a child is not a lesser included offense of criminal sexual penetration. As stated in *State v. Barela,* 95 N.M. 349, 622 P.2d 254 (Ct.App.1980), *cert. quashed,* 95 N.M. 426, 622 P.2d 1046 (1981), a " 'lesser included offense' is one which is one composed of some, but not all, elements of a greater offense and which does not have any element not included in the greater offense so that it is impossible to commit the greater offense without necessarily committing the lesser offense." *See* NMSA 1978, Crim.P.R. 44(d) (Repl.Pamp.1980); *State v. DeMary,* 99 N.M. 177, 655 P.2d 1021 (1982).

Defendant argues on appeal that the court erred in refusing the proffered instruction because "enticement" is a lesser included offense of kidnapping by deception as charged in Count II. The term "enticement" means to incite or instigate, to allure, attract or lead astray, *State v. Hardy,* 232 La. 920, 95 So.2d 499 (1957); *Gilmore v. Henthorne,* 125 N.E.2d 225 (Ohio 1955); it indicates an intentional act. Although "enticement of child" contrary to § 30–9–1, *supra,* constitutes a lesser included offense of kidnapping by deception, defendant's claim of error is flawed because the wording of the tendered instruction expressly refers to "enticement" as a lesser included offense of criminal sexual penetration as charged in Count I of the indictment.

 To preserve error on the refusal of the trial court to give a proffered instruction, the defendant must tender a legally correct statement of law. *State v. Casteneda,* 97 N.M. 670, 642 P.2d 1129 (Ct.App. 1982); *see also* Crim.P.R. 41(d), *supra.* Under the circumstances herein, the trial court's denial of the tendered instruction was not error.

## III. *Denial of Motion to Suppress*

 Defendant moved to suppress items of physical evidence seized by police incident to his arrest at the home of his aunt. The physical evidence seized included defendant's pants containing blood stains of a type similar to that of the victim, and other clothing worn by defendant. The trial court denied the motion to suppress.

Defendant contends that his warrantless arrest was without probable cause and that the seizure of his clothing, which was analyzed by a serologist, introduced at trial and used by expert witnesses to give testimony concerning the blood typing of the victim, was illegal. The arguments of defendant concerning the claim of improper arrest and seizure stem from liberties protected by the Fourth Amendment. *Rakas v. Illinois,* 439 U.S. 128, 99 S.Ct. 421, 58 L.Ed.2d 387 (1978).

On the day of the incident, after the victim's mother summoned police, investigators found a bicycle on the apartment grounds owned by defendant. John Lucero,

a friend of defendant and the person with whom defendant had been boxing earlier, learned that the police were looking for defendant and told them he had seen him with the victim a short time earlier and had observed him taking her for a walk. He informed police where defendant might be located and led them to defendant's aunt's apartment, located in the same complex where the victim lived.

Both at the pretrial motion to suppress and at trial, the State presented evidence by police officers that defendant's aunt granted them permission to enter her apartment. Officer Fiege testified that defendant's aunt gave them permission to enter the apartment and that they found defendant in a back bedroom talking on the phone. Defendant hung up the phone and attempted to escape; he was restrained by police officers and placed under arrest.

■ A law enforcement officer may validly effect a warrantless arrest where he has probable cause to believe that a crime has been committed by the person placed under arrest. *State v. Jones,* 96 N.M. 14, 627 P.2d 409 (1981); *State v. Deltenre,* 77 N.M. 497, 424 P.2d 782 (1966), *cert. denied,* 386 U.S. 976, 87 S.Ct. 1171, 18 L.Ed.2d 136 (1967). Based upon the information given police officers by the victim's mother, other children at the scene, and Lucero, probable cause existed for the arrest of defendant. Where a warrantless arrest is valid, a reasonable search incident to the arrest also will be upheld. *State v. Jones, supra; State v. Adams,* 80 N.M. 426, 457 P.2d 223 (Ct.App.1969). Denial of defendant's motion to suppress was not error.

### IV. Constitutionality of Sentence

■ Following defendant's conviction, the trial court imposed a sentence of eighteen years for criminal sexual penetration in the first degree. Defendant also received a nine-year prison term on the kidnapping count, the sentence to run concurrently with the sentence for criminal sexual penetration. Defendant contends the sentences constitute cruel and unusual punish-

ment, in violation of the Eighth Amendment.

Criminal sexual penetration perpetrated upon a child under thirteen years of age is punishable as a first degree felony. § 30–9–11(A), *supra.* Section 31–20–3, NMSA 1978, (Repl.Pamp.1981), provides in applicable part:

Upon entry of a judgment of conviction of any crime not constituting a capital or first degree felony, any court having jurisdiction when it is satisfied that the ends of justice and the best interest of the public as well as the defendant will be served thereby, may either:

A. enter an order deferring the imposition of the sentence;

B. sentence the defendant and enter an order suspending in whole or in part the execution of the sentence. * * * [Emphasis added.]

During the sentencing hearing, the trial court stated that it would have considered some other sentence if the penalty for conviction of a first degree felony had not been mandatory and if a residential treatment program existed in which defendant could be placed.

Defendant argues that considering his age and the fact that his convictions constituted his first violation of the law, the punishment inflicted in this case was arbitrary and amounted to cruel and unusual punishment. Defendant contends that § 30–20–3, *id.,* is unconstitutional because it forbids indiscriminately the imposition of a suspended sentence for any first degree or capital felony and leaves no sentencing discretion to the trial judge. A similar argument was made and rejected in *State v. Mabry,* 96 N.M. 317, 630 P.2d 269 (1981), where defendant contended that he would not receive adequate care and treatment for psychological problems under a sentence of incarceration in the state penitentiary. The *Mabry* court held that the mandatory nature of the sentencing statute did not constitute cruel and unusual punishment.

The mandatory imposition of eighteen years upon conviction of a first degree felony does not constitute cruel and unusual

punishment. Although the Eighth Amendment prohibits the imposition of a sentence that is grossly disproportionate to the crime for which defendant is convicted, the classification of felonies and the length of sentence is purely a matter of legislative prerogative. *State v. Archibeque,* 95 N.M. 411, 622 P.2d 1031 (1981); *State v. Augustus,* 97 N.M. 100, 637 P.2d 50 (Ct.App.), *cert. denied,* 97 N.M. 621, 642 P.2d 607 (1981); *compare State v. Rondeau,* 89 N.M. 408, 553 P.2d 688 (1976). Considering the nature of the offense involved, the punishment will not as a matter of law be deemed disproportionate to the criminal statute violated. *See State v. Peters,* 78 N.M. 224, 430 P.2d 382 (1967).

The convictions and sentences of defendant are affirmed.

IT IS SO ORDERED.

WALTERS, C.J., and BIVINS, J., concur.