# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                                                          **NO. 28,871**

**ELIAS TORRES,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY**
**Stephen D. Pfeffer, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Hugh W. Dangler, Chief Public Defender
Nancy M. Hewitt, Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**CASTILLO, Judge.**

Defendant appeals from the trial court's amended order of drug conditional discharge. [RP 169] Defendant entered a conditional plea on the charge for

possession of cocaine and reserved the right to appeal the trial court's decision on his pretrial suppression motion. [RP 159-60] This Court's first notice proposed summary affirmance. Defendant filed a memorandum in opposition to the proposed disposition. Because we determine that there was substantial evidence to uphold the denial of Defendant's motion to suppress, we affirm. *See State v. Pallor*, 1996-NMCA-083, ¶ 9, 122 N.M. 232, 923 P.2d 599.

Defendant first argues that the police officers required, at a minimum, a showing of reasonable suspicion of criminal activity to stop him. [MIO 6] Specifically, Defendant contends that the officers did not have sufficient articulable facts that would lead them to believe that he was engaging in criminal activity. [MIO 7] Defendant argues that the trial court's decision conflicts with *State v. Jones*, 114 N.M. 147, 151, 835 P.2d 863, 867 (Ct. App. 1992). [MIO 7] *Jones* held that absent some indicia of criminal conduct, a stop could not be based on a generalized suspicion of gang membership and the defendant's presence in a known gang activity area. *Id.* In the present case, however, there was evidence that at the time of the stop, the officers had individualized suspicion that Defendant was engaging in drug activity. The first notice described the facts relied upon, and Defendant does not dispute any error in those facts. *See State v. Ibarra*, 116 N.M. 486, 489, 864 P.2d 302, 305 (Ct. App. 1993) ("A party opposing summary disposition is required to come forward and

2

specifically point out errors in fact and/or law."). To the extent that Defendant opposes the legal conclusion based on those facts, we disagree that *Jones* is in conflict with our decision.

Defendant also argues that while police officers had enough information to justify a brief investigatory detention based on the information provided by the informant, the stop went beyond an investigatory detention, and the officers conducted a warrantless arrest. [MIO 9-10] "[F]or a warrantless arrest to be reasonable the arresting officer must show that the officer had probable cause to believe that the person arrested had committed or was about to commit a felony and some exigency existed that precluded the officer from securing a warrant." *See Campos*, 117 N.M. at 159, 870 P.2d at 121. Our first notice proposed to hold that probable cause and exigent circumstances supported the warrantless arrest. In his memorandum in opposition, Defendant argues that the police officer did not have probable cause because the information obtained from the informant was neither corroborated nor verified. [MIO 10] We conclude that the police officer's observations of Defendant prior to the stop and the arrest sufficiently verified the informant's information.

The officer heard the telephone conversation between Defendant and the informant in which Defendant agreed to meet the informant at a particular location and to sell the informant crack cocaine. In addition, the officer saw Defendant arrive

3

at the designated location in the car that had been described by the informant. When the Defendant arrived, he made an exchange with the informant. These observations corroborated and verified the informant's tip. *See State v. Jones*, 96 N.M. 14, 15, 627 P.2d 409, 410 (1981)("A warrantless arrest may be based upon information from other persons where the information is corroborated or verified to an extent sufficient to establish the informant's credibility."). Based on this evidence, we hold that the officer had good reason to believe that Defendant was committing a felony. *See Campos*, 117 N.M. at 157, 870 P.2d at 119 ("'Probable cause requires that the officer believe, and have good reason to believe, that the person he arrests has committed [or is committing] a felony.'" (quoting *Jones*, 96 N.M. at 15, 627 P.2 at 410).

In addition, the officer testified that when Defendant got out of the car, he appeared nervous, shaky, and "real jittery" and that he thought Defendant was going to run. [DS 8] These facts are sufficient to establish exigent circumstances. *See Gomez*, 1997-NMSC-006, ¶ 39 (defining exigent circumstances as "an emergency situation requiring swift action to prevent imminent danger to life or serious damage to property, or to forestall the imminent escape of a suspect or destruction of evidence." (internal quotation marks and citation omitted)). Thus, the officer developed probable cause and was faced with exigent circumstances—the prerequisites for executing a proper warrantless arrest. *See Campos*, 117 N.M. at 159,

4

870 P.2d at 121.

Viewing the evidence in the light most favorable to the State, we affirm the trial court's decision. *See Pallor*, 1996-NMCA-083, ¶ 10. For these reasons, and those stated in the first notice, we affirm the order of conditional discharge.

**IT IS SO ORDERED.**

_____
**CELIA FOY CASTILLO, Judge**

**WE CONCUR:**

_____
**MICHAEL D. BUSTAMANTE, Judge**

_____
**JONATHAN B. SUTIN, Judge**