This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                                      **NO. 33,102**

**GENE GILBERT ELLIS III**,

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF EDDY COUNTY**
**Jane Shuler Gray, District Judge**

Gary K. King, Attorney General
Margaret McLean, Assistant Attorney General
Santa Fe, NM

for Appellee

Jorge A. Alvarado, Chief Public Defender
Kathleen T. Baldridge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**VIGIL, Judge.**

{1} Defendant appeals from the district court's judgment and sentence. This Court issued a calendar notice proposing summary affirmance. Defendant filed a memorandum in opposition to this Court's notice of proposed disposition, which we have duly considered. Unpersuaded, we affirm.

{2} In our calendar notice, we proposed to hold that because the district court sentenced Defendant within the bounds of its jurisdictional authority, the sentence was not an abuse of discretion. [CN 4] Pursuant to *State v. Franklin*, 1967-NMSC-151, 78 N.M. 127, 428 P.2d 982 and *State v. Boyer*, 1985-NMCA-029, 103 N.M. 655, 712 P.2d 1, Defendant in his memorandum in opposition continues to argue that the district court abused its discretion by imposing an excessive sentence in violation of the federal and state constitutional guarantees against cruel and unusual punishment. [MIO 3, 6-7]

{3} We initially note that Defendant acknowledges that this issue was not preserved in the district court. [MIO 5] However, Defendant argues that he should be able to raise this issue at this time because an "unconstitutional sentence is an illegal sentence that may be challenged for the first time on appeal." [MIO 5] We are not persuaded. "While it is true that the issue of whether a sentence was authorized by statute is jurisdictional and may be raised for the first time on appeal, this narrow exception to the rules of preservation does not extend to all sentencing issues[.]" *State v. Wilson*,

2001-NMCA-032, ¶ 31, 130 N.M. 319, 24 P.3d 351 (citation omitted), *abrogated on other grounds by State v. Montoya*, 2005-NMCA-078, ¶ 11, 137 N.M. 713, 114 P.3d 393. As our Supreme Court held in *State v. Trujillo*, a defendant's claim that his sentence constituted cruel and unusual punishment in violation of the federal and state constitutions is non-jurisdictional and has to be preserved for appellate review. 2002-NMSC-005, ¶ 64, 131 N.M. 709, 42 P.3d 814. Where the issue of cruel and unusual punishment was not preserved below, we will review only for fundamental error. *Id.* In order to be fundamental, the "error must shock the conscience or implicate a fundamental unfairness within the system that would undermine judicial integrity if left unchecked." *State v. Castillo,* 2011-NMCA-046, ¶ 29, 149 N.M. 536, 252 P.3d 760 (internal quotation marks and citation omitted).

{4}      Furthermore, because the state constitutional claim was not preserved below, we will not review that claim. *See State v. Leyva*, 2011-NMSC-009, ¶ 49, 149 N.M. 435, 250 P.3d 861 (setting forth the revised and relaxed preservation requirements for an interstitial analysis). Therefore, we will conduct the review for fundamental error only as to the alleged violation of the Eighth Amendment to the United States Constitution.

{5}      "Although the Eighth Amendment prohibits the imposition of a sentence that is grossly disproportionate to the crime for which [the] defendant is convicted, the

classification of felonies and length of sentence is purely a matter of legislative prerogative." *State v. Garcia*, 1983-NMCA-069, ¶ 32, 100 N.M. 120, 666 P.2d 1267. "It is rare that a term of incarceration, which has been authorized by the Legislature, will be found to be excessively long or inherently cruel." *Trujillo*, 2002-NMSC-005, ¶ 66 (internal quotation marks and citation omitted). We stated in our calendar notice that Defendant pled guilty to a number of charges, including kidnapping in the first degree, criminal sexual contact of a minor in the second degree, and multiple counts of criminal sexual penetration in the second degree. [CN 2-3] Pursuant to the Criminal Sentencing Act and the Habitual Offender Act, Defendant faced a total term of imprisonment of ninety-one and a half years based on his guilty pleas. [CN 3; MIO 4] Exercising its sentencing discretion, the district court ran several of the counts concurrent to one another, resulting in a sentence of imprisonment of forty-three years. [CN 4; MIO 4]

{6}     Given the nature of the offenses Defendant pled guilty to, we cannot say that forty-three years of imprisonment places this case within the rare circumstance where the sentence is grossly disproportionate to the crime. Nor does Defendant expect us to, as he admits in his memorandum in opposition that he is not arguing that his sentence is "disproportionate." [MIO 6] Instead, Defendant's contention is only that he should have received a greater sentencing benefit as a result of his guilty plea.

[MIO 7] This argument most certainly falls well short of the "grossly disproportionate" standard as well, especially where the district court by statute could have sentenced him to more than twice the amount of time of imprisonment than it ultimately did. Thus, because the sentence imposed by the district court is not cruel and unusual in violation of the Eighth Amendment, we hold that the district court did not err in this case, let alone commit fundamental error.

{7}     Defendant's memorandum in opposition also states that Defendant is challenging his sentence on due process grounds. [MIO 3, 4] We note, however, that due process was not raised in Defendant's docketing statement and Defendant did not move to amend his docketing statement to add this issue. *See* Rule 12-208(F) NMRA (permitting the amendment of the docketing statement based upon good cause shown); *State v. Rael*, 1983-NMCA-081, ¶¶ 15-16, 100 N.M. 193, 668 P.2d 309 (setting out requirements for a successful motion to amend the docketing statement). To the extent that we might construe the addition of this argument as a motion to amend the docketing statement, Defendant has failed to demonstrate that it meets the requirements for granting a motion to amend. Furthermore, the remainder of the memorandum in opposition is silent as to the due process argument and provides no legal authority supporting Defendant's position. Where a party cites no authority to support an argument, we may assume no such authority exists. *In re Adoption of Doe*,

1984-NMSC-024, ¶ 2, 100 N.M. 764, 676 P.2d 1329. Therefore, we decline to consider whether Defendant's due process rights were violated in this case.

**{8}**    Finally, the State provided notice to this Court and to Defendant on September 23, 2013, indicating that the incorrect period of parole was entered on the judgment and sentence. In its notice, the State contends that pursuant to NMSA 1978, Section 31-21-10.1(A)(2) (2007), the parole period for the criminal sexual penetration convictions is twenty years to life. However, the judgment and sentence provided for a parole period of five to twenty years. [RP 118] Defendant did not respond to the State's notice in his memorandum in opposition. Therefore, we will remand to the district court to determine the correct period of parole pursuant to statute.

**{9}**    To conclude, for the reasons stated above, as well as those provided in our calendar notice, we affirm the district court's sentence and remand to the district court to amend the parole portion of the judgment and sentence if necessary.

**{10}**    **IT IS SO ORDERED.**

_____

**MICHAEL E. VIGIL, Judge**

**WE CONCUR:**

_____

**RODERICK T. KENNEDY, Chief Judge**

6

_____

**JAMES J. WECHSLER, Judge**