This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

**v.**                                                     **No. 34,697**

**TODD HARPER,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF EDDY COUNTY**
**Raymond L. Romero, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

The Law Offices of the Public Defender
Jorge A. Alvarado, Chief Public Defender
Sergio J. Viscoli, Assistant Appellate Defender
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**VIGIL, Chief Judge.**

{1}     Defendant appeals from his sentence following his conviction for criminal sexual penetration of a minor (under 13), pursuant to a no-contest plea agreement.

Unpersuaded that Defendant demonstrated error on appeal, we issued a notice of proposed summary disposition, proposing to affirm. Defendant has responded to our notice with a memorandum in opposition. We are not persuaded that Defendant has demonstrated reversible error and therefore affirm.

{2}     On appeal, Defendant argues that, by imposing the maximum sentence contrary to the parties' agreed recommendation, the district court abused its discretion, violated Defendant's right to be free from cruel and unusual punishment, and violated his right to due process. [DS 2-3, 7; MIO 6-8] Our notice proposed to reject Defendant's claims on the basis that the plea agreement provided a non-binding recommendation for sentencing; the sentence was permitted by statute and did not contradict any binding term of the plea agreement; the district court considered reasonable factors in determining Defendant's sentence without any reference to the substitute prosecutor's recommendations; and there was no indication that Defendant's case falls within one of the exceedingly rare cases where the prison sentence is grossly disproportionate or inherently cruel.

{3}     Defendant's response to our notice complains that Defendant relied on the joint sentencing recommendation in the plea when entering the plea agreement, and maintains that despite the district court's fulfillment of its duty to inform Defendant that the sentencing recommendation was not binding, the district court nevertheless

2

abused its discretion in sentencing him to the maximum period of incarceration. [MIO 6-7] Defendant also points out that the plea agreement was silent as to any term of probation and that he should be permitted to withdraw it. [MIO 7] Defendant later directly requests this Court's permission to withdraw his plea or to be sentenced by a different judge. [MIO 8] As we stated in our notice, Defendant must first seek to withdraw his plea in district court, and there is no indication that he has done so. Defendant also must seek a ruling first in district court to obtain a new judge. Thus, Defendant's arguments in this appeal are properly limited to his allegations of error in sentencing. Defendant has not come forth with any facts or authority that contradicts the analysis contained in our notice. Thus, for the reasons stated in our notice, we reject his arguments that the district court abused its discretion and violated due process in sentencing. [MIO 6-7, 8]

{4} Lastly, Defendant continues to maintain that his sentence violates the prohibition against cruel and unusual punishment. [MIO 7-8] In support of his argument, Defendant points out that he has no criminal record, is remorseful for his conduct, and spared the young victim the ordeal of trial. [Id.] While we recognize that Defendant did not receive the benefit of a lesser sentence in exchange for his waiver of multiple trial rights, we are not persuaded that legal authority supports a violation of the Eighth Amendment, where Defendant was sentenced according to statute for

3

criminal sexual contact of a minor, the child over which he had assumed parental-type care. [MIO 5] *See State v. Garcia*, 1983-NMCA-069, ¶ 32, 100 N.M. 120, 666 P.2d 1267 ("Although the Eighth Amendment prohibits the imposition of a sentence that is grossly disproportionate to the crime for which defendant is convicted, the classification of felonies and the length of sentence is purely a matter of legislative prerogative."); *State v. Archibeque*, 1981-NMSC-010, ¶ 5, 95 N.M. 411, 622 P.2d 1031 ("Absent a compelling reason, not present here, the judiciary should not impose its own views concerning the appropriate punishment for crimes."). As we explained in our notice, there is no indication that this case rises to the level of extreme rarity as contemplated by our Eighth Amendment jurisprudence. *See State v. Trujillo*, 2002-NMSC-005, ¶ 66, 131 N.M. 709, 42 P.3d 814 ("It is rare that a term of incarceration, which has been authorized by the Legislature, will be found to be excessively long or inherently cruel." (internal quotation marks and citation omitted)).

{5}     For the reasons stated in this opinion and in our notice, we affirm the district court's sentence.

{6}     **IT IS SO ORDERED.**

_____
**MICHAEL E. VIGIL, Chief Judge**

**WE CONCUR:**

4

_____

**JAMES J. WECHSLER, Judge**


_____

**JONATHAN B. SUTIN, Judge**