870 P.2d 117

**Frank Martin CAMPOS, Petitioner,**

v.

**STATE of New Mexico, Respondent.**

**No. 20193.**

Supreme Court of New Mexico.

Feb. 2, 1994.

Sammy J. Quintana, Chief Public Defender, Hugh W. Dangler, Asst. Public Defender, Santa Fe, for petitioner.

Tom Udall, Atty. Gen., Katherine Zinn, Asst. Atty. Gen., Santa Fe, for respondent.

## OPINION

RANSOM, Chief Justice.

Frank Martin Campos was convicted of illegal possession of heroin under NMSA 1978, Section 30–31–23(B)(4) (Repl. Pamp.1989). Campos appealed his conviction to the Court of Appeals, which affirmed. *State v. Campos*, 113 N.M. 421, 827 P.2d 136 (Ct.App.1991). This Court issued its writ of certiorari to address whether, under Article II, Section 10 of the New Mexico Constitution, the propriety of warrantless arrests in public places is dependent on exigent circumstances. For a warrantless arrest to be reasonable it must be based upon both probable cause and sufficient exigent circumstances. Because sufficient exigent circumstances were not present in this case, we reverse.

*Facts and proceedings.* On December 7, 1989, Officer Luis Lara received information from a confidential informant that Campos would be conducting a drug transaction the

following morning. The informant told Officer Lara that Campos would be driving either a silver and black pickup truck or a small blue car down one of two routes to a location on East Deming Street in Roswell at about 8:00 a.m. Acting on this information, Officer Lara set up a surveillance team in the area. Officer Lara had been investigating Campos for approximately one year, knew that Campos used vehicles like those described by the informant, and believed that Campos engaged in illegal drug activity.

On December 8, a member of the surveillance team observed Campos approaching the location described by the informant in a small blue car. The officers stopped Campos, ordered him out of his car, and arrested him without a warrant. The officers searched both Campos and his car and discovered seven packages of heroin. Campos was charged with possession of heroin with intent to distribute. Prior to trial, Campos moved to suppress all of the evidence seized pursuant to the warrantless arrest and search. The trial court denied Campos's motion. Campos plead guilty to possession of heroin but reserved his right to appeal.

■ *The legislature has authorized warrantless arrests in situations like this.* New Mexico statutory law authorizes an officer to:

> make arrests without warrant for any offense under the Controlled Substances Act [NMSA 1978, Sections 30–31–1 to –41 (Repl.Pamp.1989)] committed in his presence, or if he has probable cause to believe that the person to be arrested has committed or is committing a violation of the Controlled Substances Act which may constitute a felony....

NMSA 1978, Section 30–31–30(B) (Repl. Pamp.1989). "Probable cause requires that the officer believe, and have good reason to believe, that the person he arrests has committed [or is committing] a felony." *State v. Jones,* 96 N.M. 14, 15, 627 P.2d 409, 410 (1981). In this case, the record states clearly that a credible informant supplied Officer Lara with accurate information regarding the Campos car, path of travel, time of travel, and possession of heroin. In addition, Officer Lara had been investigating Campos for some time and strongly believed that Cam-

pos was selling heroin. Therefore, Officer Lara had probable cause to believe that Campos was committing a violation of the Controlled Substances Act and had statutory authority to make a warrantless arrest.

■ *All warrantless arrests must comply with the "reasonableness" component of Article II, Section 10 of the New Mexico Constitution.* Our inquiry, however, cannot end with a simple determination of probable cause. We must remember that "[t]he people shall be secure ... from unreasonable searches and seizures...." N.M. Const. art. II, § 10. We consistently have stated that "in all cases [regarding alleged search and seizure violations] the ultimate question is whether the search and seizure was reasonable." *State v. Martinez,* 94 N.M. 436, 440, 612 P.2d 228, 232, *cert. denied,* 449 U.S. 959, 101 S.Ct. 371, 66 L.Ed.2d 226 (1980). We recently expanded on this concept in *State v. Attaway,* 117 N.M. 141, 870 P.2d 103 (1994), in which we said: "The myriad rules, exceptions, and exceptions to exceptions that flourish in the jurisprudence of search and seizure are often no more than factual manifestations of the constitutional requirement that searches and seizures be reasonable." *Id.* at 145, 870 P.2d at 107. Therefore, we must examine whether the warrantless arrest was reasonable under Article II, Section 10 of our constitution.

—*Statute gives warrantless arrest presumption of reasonableness.* In *United States v. Watson,* 423 U.S. 411, 96 S.Ct. 820, 46 L.Ed.2d 598 (1976), the Supreme Court addressed the question whether warrantless arrests based on statutory authority are reasonable. The Court held that a federal statute authorizing postal workers to effect warrantless arrests based only on probable cause constituted legislative judgment that such warrantless arrests are reasonable. *Id.* at 415–16, 96 S.Ct. at 823. The determination of reasonableness did not change even though the arresting officers in *Watson* were aware that the defendant had committed the crime six days before he was arrested and could have secured an arrest warrant. *Id.* at 412–13, 96 S.Ct. at 820–22. Following this reasoning, Section 30–31–30(B) could represent legislative judgment that it is reasonable

under Article II, Section 10 for law enforcement officers to make warrantless drug arrests provided they have probable cause.

■ We have long held, however, that statutory provisions regarding warrants must be considered *in pari materia* with Article II, Section 10 of our constitution. *See State v. Trujillo*, 33 N.M. 370, 373, 266 P. 922, 923–24 (1928). Section 30–31–30(B) cannot establish conclusively that an arrest based on such authority comports with the constitutional protection afforded by Article II, Section 10. Warrantless arrests made under the authority of the statute may be presumed reasonable but that presumption may be rebutted under our interpretation of what is constitutional. To give the statute conclusive effect would be to abdicate our duty as the primary interpreters of our constitution and would give the legislative branch the power to define constitutional provisions in violation of separation of powers. *See Watson*, 423 U.S. at 455, 96 S.Ct. at 843 (Marshall, J., dissenting) (criticizing the majority's decision as according "constitutional status to a distinction that can be readily changed by legislative fiat").

—*Reasonableness under Article II, Section 10 of the New Mexico Constitution.* The question of whether exigent circumstances are necessary before warrantless public arrests are constitutionally permissible is an issue of first impression in our Court. Although we have stated the general rule regarding warrantless arrests based on probable cause several times, *see, e.g., Jones*, 96 N.M. at 15, 627 P.2d at 410, we have never fully addressed the issue of whether exigent circumstances are required.

—*Federal law.* The U.S. Supreme Court has held that warrantless arrests of felons based on probable cause are constitutionally permissible even without exigent circumstances because "the judgment of the Nation and Congress has for so long been to authorize warrantless public arrests on probable cause rather than to encumber criminal prosecutions with endless litigation with respect to the existence of exigent circumstances....." *Watson*, 423 U.S. at 423, 96 S.Ct. at 827. In essence, the federal rule is that a warrantless public arrest of a felon

based on probable cause will be upheld regardless of whether the officer could have secured an arrest warrant. *But cf. Payton v. New York*, 445 U.S. 573, 583, 100 S.Ct. 1371, 1378, 63 L.Ed.2d 639 (1980) (stating that probable cause and exigent circumstances both needed for warrantless arrest in individual's home).

—*New Mexico law.* We recently have shown our willingness to accord defendants more protection under our search and seizure provision than the federal courts accord under the Fourth Amendment. *See Attaway*, 117 N.M. 141, 870 P.2d 103; *State v. Gutierrez*, 116 N.M. 431, 863 P.2d 1052 (1993); *State v. Cordova*, 109 N.M. 211, 784 P.2d 30 (1989). In light of these decisions, we must decline to adopt the blanket federal rule that all warrantless arrests of felons based on probable cause are constitutionally permissible in public places. We do this because we believe that each case must be reviewed in light of its own facts and circumstances. *Attaway*, 117 N.M. at 145, 870 P.2d at 107 (stating that it is the duty of appellate courts to "shape the parameters of police conduct by placing the constitutional requirement of reasonableness in factual context"). Therefore, we will not assume that warrantless public arrests of felons are constitutionally reasonable.

Campos urges this Court to adopt a rule that a warrantless arrest is justified only when, in addition to probable cause, exigent circumstances are present that make obtaining a warrant unreasonable. "Exigent circumstances means an emergency situation requiring swift action to prevent imminent danger to life or serious damage to property, or to forestall the imminent escape of a suspect or destruction of evidence." *State v. Copeland*, 105 N.M. 27, 31, 727 P.2d 1342, 1346 (Ct.App.), *cert. denied*, 104 N.M. 702, 726 P.2d 856 (1986). It is the State's position that neither the New Mexico Constitution nor New Mexico case law require anything more than probable cause to justify a felony arrest outside of a home.

In *State v. Jones* this Court found that, based upon partial corroboration of an informant's tip, officers had probable cause to believe that the defendant had been involved

in several burglaries. 96 N.M. at 16, 627 P.2d at 411. The Court did not discuss exigent circumstances although it was evident from the facts of the case that some exigency existed. *See id.* at 15, 627 P.2d at 410 (while verifying an anonymous tip, officers observed defendant leaving area in a car). Similarly, in *State v. Garcia*, 100 N.M. 120, 126, 666 P.2d 1267, 1273 (Ct.App.), *cert. denied*, 100 N.M. 192, 668 P.2d 308 (1983), the Court of Appeals found probable cause to support a warrantless arrest and the facts of the case show that some exigency could be implied (defendant attempted to flee). As a matter of fact, in every case that has been drawn to our attention, some evidence of exigency has been found or could be implied to support the warrantless arrest. *See, e.g., Rodriquez v. State*, 91 N.M. 700, 701, 580 P.2d 126, 127 (1978) (officers observed crime in progress and saw defendant holding a rifle), *overruled on other grounds by State v. Martinez*, 94 N.M. 436, 439, 612 P.2d 228, 231 (1980); *State v. Deltenre*, 77 N.M. 497, 500, 424 P.2d 782, 784 (1966) (officers, acting on information that defendant was packaging marijuana for sale, heard defendants running around house after officers announced their presence), *cert. denied*, 386 U.S. 976, 87 S.Ct. 1171, 18 L.Ed.2d 136 (1967), *overruled on other grounds by State v. Martinez*, 94 N.M. 436, 439, 612 P.2d 228, 231 (1980); *State v. Kaiser*, 91 N.M. 611, 612, 577 P.2d 1257, 1258 (Ct.App.) (stating that arrest was lawful because officers suspected train passengers were transporting drugs and train was leaving, but subsequent warrantless search of luggage was unlawful because sufficient exigent circumstances did not exist), *cert. denied*, 91 N.M. 491, 576 P.2d 297 (1978).

While most New Mexico cases tend to state only that warrantless arrests must be supported by probable cause, some cases hold that both probable cause and exigent circumstances are required. In *Martinez*, 94 N.M. at 440, 612 P.2d at 232, this Court held that a warrantless arrest based upon information received by a radio dispatch must be supported by probable cause and exigent circumstances. Also, in *In re One 1967 Peterbilt Tractor*, 84 N.M. 652, 655–56, 506 P.2d 1199, 1202–03 (1973), this Court stated that warrantless searches may be undertaken when an officer has probable cause and exigent circumstances are present. We can find no case in which the results would have differed had there been a rule requiring more than probable cause to justify a warrantless arrest.

■ We strongly favor the warrant requirement. *See Cordova*, 109 N.M. at 216, 784 P.2d at 35 (stating that principles of warrant requirement are firmly rooted in constitution). Our constitution preserves "the fundamental notion that every person in this state is entitled to be free from unwarranted governmental intrusions." *Gutierrez*, 116 N.M. at 444, 863 P.2d at 1065. Thus, our constitution and case law lead us to hold that for a warrantless arrest to be reasonable the arresting officer must show that the officer had probable cause to believe that the person arrested had committed or was about to commit a felony and some exigency existed that precluded the officer from securing a warrant. If an officer observes the person arrested committing a felony, exigency will be presumed.

■ *Standard in practice.* To set forth a clear rule for police officers, we limit our inquiry in reviewing warrantless arrests to whether it was reasonable for the officer not to procure an arrest warrant. *See Watson*, 423 U.S. at 444, 96 S.Ct. at 837 (Marshall, J., dissenting) (stating that test adopted by majority inappropriately focused only on whether arrest was reasonable, disregarding the warrant requirement entirely). We understand that an officer may wish to forego an arrest temporarily in order to gather evidence, even though legally he may have probable cause to obtain a warrant. We do not wish to interfere unduly with the officer's investigation and as a matter of policy would prefer that officers have more rather than less evidence before making arrests. We will not hesitate, however, to find a warrantless arrest unreasonable if no exigencies existed to excuse the officer's failure to obtain a warrant.

■ *The arrest of Campos without a warrant was unreasonable.* The record clearly supports a finding that Officer Lara had probable cause to arrest Campos. We will

not disturb the finding of probable cause made by both the trial court and the Court of Appeals. Our inquiry thus turns to whether it was reasonable for Officer Lara not to secure a warrant. According to the facts presented, Officer Lara had probable cause to obtain a warrant on December 7 for the arrest of Campos on December 8. We cannot say that it was unreasonable for Officer Lara to continue his investigation of Campos without securing a warrant. As stated above, this Court does not wish to interfere unduly with an investigation by requiring officers to secure a warrant the moment they have probable cause.

We cannot find, however, sufficient exigent circumstances that would make Officer Lara's warrantless arrest reasonable. The type of "emergency situation" defined in *Copeland* is not present in this case. The only exigency that the record might support is the fact that Campos was driving an automobile. We previously have held that it is not practical to secure a warrant when an automobile is involved. *See, e.g., State v. Capps*, 97 N.M. 453, 455–56, 641 P.2d 484, 486–87, *cert. denied*, 458 U.S. 1107, 102 S.Ct. 3486, 73 L.Ed.2d 1368 (1982). Yet, Officer Lara knew on December 7 that Campos would be driving an automobile and cannot now reasonably argue that, on December 8, he was faced with an "emergency situation." If we were to find that Campos's use of an automobile constituted an exigent circumstance in this case, we effectively would make the *Copeland* definition meaningless and erode the constitutional right to be free from unreasonable searches and seizures. Officer Lara has not provided good reason for failing to procure a warrant for Campos's arrest because Lara expected Campos to be driving under the exact scenario giving rise on the previous day to probable cause. Therefore, we find that the arrest and subsequent search were unreasonable.

*Conclusion.* There not having been sufficient exigent circumstances to make the warrantless arrest of Campos reasonable, Campos's conviction for possession of heroin is reversed and this case is remanded to the district court for proceedings consistent with this opinion.

**IT IS SO ORDERED.**

MONTGOMERY and FROST, JJ., concur.