This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

> Plaintiff-Appellee,

v.                                                                      **NO. 29,779**

**HERBERT MOORE,**

> Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF TORRANCE COUNTY**
**Matthew Reynolds, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Hugh W. Dangler, Chief Public Defender
Carlos Ruiz de la Torre, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**WECHSLER, Judge.**

Defendant appeals his convictions for two counts of trafficking methamphetamine, solicitation to distribute, and conspiracy to manufacture. We proposed to affirm his convictions. Defendant has responded with an opposition to our proposal, along with a motion to amend the docketing statement to assert ineffective assistance of trial counsel. We have considered Defendant's arguments and, finding them unpersuasive, we affirm.

Defendant continues to argue that the district court erred in denying his motion for change of venue. He asserts that the reason given for the denial, failure to file an affidavit as required by NMSA 1978, Section 38-3-3(B) (2003), was in error. He points out that the motion filed by counsel included the reasons why Defendant could not get a fair trial in Estancia. He argues that the motion was in the nature of an affidavit since an attorney is bound as an officer of the court to allege only those matters he believes to be true and correct. *See* Rule 16-301 NMRA. Thus, he argues, there was an affidavit as required by statute.

However, even if we were to equate counsel's allegations with the affidavit required by statute, we would not find error here. As we noted in our calendar notice, the district court in denying the motion allowed Defendant the opportunity to file another motion with an affidavit. [RP 96] In so doing, the district court addressed the specifics of what it expected regarding allegations of prejudice to Defendant. [Id.] The

district court was clear that it needed facts specific to this particular case, not Defendant's previous case. Thus, we conclude that although the order denying the change of venue states that the reason was lack of an affidavit as required by statute, the district court correctly denied the motion for failure to present sufficient facts to support a change of venue for this case. *See State v. Gallegos*, 2007-NMSC-007, ¶ 26, 141 N.M. 185, 152 P.3d 828 (stating that an appellate court will affirm a district court's decision if it is right for any reason, as long as it is not unfair to the appellant). We conclude that the district court did not err in denying the motion for change of venue.

Insofar as Defendant contends that the district court was required to change venue upon his first motion, *State v. House*, 1999-NMSC-014, ¶ 29, 127 N.M. 151, 978 P.2d 967, we note that the district court sought evidence in support of Defendant's motion. [RP 95-96] Moreover, the decision to change venue was left to the sound discretion of the district court. NMSA 1978, § 38-3-5 (1929). We cannot say that the district court abused its discretion in its decision.

Further, as we pointed out in our calendar notice, Defendant has not shown that he was denied a fair and impartial trial. Thus, his claim fails for lack of a showing of prejudice. *See House*, 1999-NMSC-014, ¶ 104.

Defendant further continues to argue that the district court erred in denying his

3

motion to suppress evidence obtained pursuant to a search warrant. He contends that the affidavit for search warrant did not establish probable cause because it was based on allegations from an unreliable confidential informant. Defendant argues that when an affidavit for search warrant is based on information from a confidential informant, the affidavit must show the basis for believing the informant and a basis for concluding that the informant gathered the information of illegal activity in a reliable fashion. *State v. Cordova*, 109 N.M. 211, 214, 784 P.2d 30, 33 (1989). He argues that those factors were not satisfied here. We disagree.

The affidavit for search warrant states that the informant is not "working off charges" and is a concerned citizen. [RP 33] The affidavit then describes the activity occurring on Defendant's rural property. [Id.] It also describes how Defendant and others go to different stores and buy large amounts of pseudoephedrine. [Id.] Contrary to Defendant's assertion, the affidavit does not rely solely on the information from the informant. It includes information regarding law enforcement's verification of the information, in particular the purchase of pseudoephedrine. [RP 34]

Defendant argues that the purchase of pseudoephedrine is not illegal. We agree, when the drug is bought for personal use. However, it appears here that the amounts being purchased by Defendant at different stores at the same time were inconsistent with personal use. Further, pseudoephedrine is an immediate precursor to

4

methamphetamine. Thus, its purchase in large amounts is not consistent with innocent activity. *Cf. State v. Nyce*, 2006-NMSC-026, ¶¶ 16-17, 139 N.M. 647, 137 P.3d 587 (distinguishing between precursors and ingredients and acknowledging that purchase of legal product in large amounts may give rise to probable cause), *limited on other grounds by State v. Williamson*, 2009-NMSC-039, ¶ 29, 146 N.M. 488, 212 P.3d 376. We conclude that the affidavit for search warrant contained sufficient reliable information to establish probable cause.

Defendant additionally continues to argue that the identity of the confidential informant should have been revealed. As support for his argument, he contends that the affidavit for search warrant did not contain enough information to establish the basis of the informant's information and that he needed to know whether the informant was biased against him. Defendant notes that many of the witnesses at trial were either on probation, had been granted witness immunity, or recently pled guilty to reduced sentences. He then conjectures that if one of those witnesses was the informant, then the informant's information was compromised. We rejected a similar argument in *State v. Campos*, 113 N.M. 421, 424-25, 827 P.2d 136, 139-40 (Ct. App. 1991), *rev'd on other grounds*, 117 N.M. 155, 870 P.2d 117 (1994). Defendant does not explain why we should treat his case differently.

As we noted above, the confidential informant's information did not provide

the sole basis for the affidavit for search warrant. Thus, Defendant's claim that he needed to know the informant's motivation is undermined by the independent information obtained by law enforcement. We conclude that the district court did not err in refusing to order the State to disclose the confidential informant.

Defendant also continues to argue that the district court should have granted a directed verdict on the charges at the close of the State's case. The question raised by a directed verdict motion is sufficiency of the evidence. *See State v. Armijo*, 1997-NMCA-080, ¶ 16, 123 N.M. 690, 944 P.2d 919. Defendant argues that the State's case was made in large part through the testimony of unreliable witnesses—methamphetamine users and traffickers, all with prior felonies. The credibility of these witnesses is left to the jury. *See State v. Gipson*, 2009-NMCA-053, ¶ 12, 146 N.M. 202, 207 P.3d 1179. The testimony of these witnesses along with other evidence was sufficient to establish the crimes charged.

Defendant cites to his testimony and that of his sister to support his claim that the evidence was insufficient. However, the motion for directed verdict was made before that testimony was presented. Furthermore, the defense testimony simply created conflicting evidence that the jury was required to resolve. As we have often stated, the jury is not required to accept the defendant's version of events. *State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829 (filed 1998). We conclude

6

that the evidence was sufficient to support the jury verdicts.

Finally, in his motion to amend the docketing statement, Defendant seeks to argue that trial counsel was ineffective. On such a claim, Defendant must show that counsel's performance fell below that of a reasonable competent attorney and that the deficient performance prejudiced his case. *State v. Plouse*, 2003-NMCA-048, ¶ 6, 133 N.M. 495, 64 P.3d 522. We do not second guess the trial tactics and strategy of counsel. *See Lytle v. Jordan*, 2001-NMSC-016, ¶ 43, 130 N.M. 198, 22 P.3d 666. Here, the actions of defense counsel that Defendant asserts were incompetent are matters of tactics and strategy. *See State v. Stenz*, 109 N.M. 536, 538, 787 P.2d 455, 457 (Ct. App. 1990) ("A trial counsel is not incompetent for failing to make a motion when the record does not support the motion."); *State v. Orosco*, 113 N.M. 789, 797, 833 P.2d 1155, 1163 (Ct. App. 1991) ("The decision whether to call a witness is a matter of trial tactics and strategy within the control of trial counsel."); *State v. Rodriguez*, 107 N.M. 611, 615, 762 P.2d 898, 902 (Ct. App. 1988) ( stating that decisions concerning objections are considered to be in the area of trial tactics and ineffective assistance is not necessarily established by showing unsuccessful trial tactics). Because those instances of conduct asserted by Defendant to be incompetent fall within the ambit of trial tactics and strategy, we decline to grant the motion to amend. *See State v. Ibarra*, 116 N.M. 486, 490, 864 P.2d 302, 306 (Ct. App. 1993)

(stating that issues raised in motions to amend must be viable).

For the reasons stated herein and in our notice of proposed disposition, we affirm Defendant's convictions.

**IT IS SO ORDERED.**


_____
**JAMES J. WECHSLER, Judge**

**WE CONCUR:**


_____
**CYNTHIA A. FRY, Chief Judge**


_____
**JONATHAN B. SUTIN, Judge**