This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

     Plaintiff-Appellee,

v.                                               **NO. 30,467**

**JAMES SNEED, JR.,**

     Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF CURRY COUNTY**
**Stephen K. Quinn, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Hugh Dangler, Chief Public Defender
B. Douglas Wood III, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**CASTILLO, Judge.**

Defendant appeals from the district court's judgment and sentence, convicting him pursuant to a jury trial, for trafficking cocaine and possession of marijuana. We issued a notice of proposed summary disposition, proposing to affirm. Defendant has responded to our notice with a memorandum in opposition. We have considered Defendant's response and remain unpersuaded that the district court erred. Accordingly, we affirm.

Defendant raises five issues on appeal. He contends that the district court erred: (1) by not requiring the State to disclose the identity of the confidential informant, (2) by permitting the State to play all five recordings of Defendant's phone calls, (3) by requiring the defense's key witness to testify while shackled and dressed in prison clothing, (4) by refusing to grant Defendant a mistrial due to the prosecutor's comments in opening statements, and (5) by refusing to grant a mistrial for the fundamental and cumulative error Defendant alleges.

**Confidential Informant**

Defendant claims that his confrontation rights were violated when the district court refused to require disclosure of the identity of the confidential informant. [DS 7; MIO 4-6] Our notice observed that Defendant did not describe any facts indicating why he should have been permitted to confront the confidential informant (CI) at the

suppression hearing, what the State argued below, and the grounds upon which the district court ruled.

Our notice also explained the following. Our review of the record indicated that the district court ruled that the contents of the affidavits state facts showing the information provided was reliable and established probable cause to search the apartment. [RP 85] Further, the district court ruled there is no evidence that the CI was present during the searches or that his or her testimony would be helpful to Defendant or that disclosure of the identity of the CI would be necessary for a fair determination of his guilt or innocence. [RP 85, 255]

We noted that Rule 11-510(C)(2) NMRA makes an exception to the state's privilege to refuse to disclose the identity of a confidential informant where it appears that the "informer will be able to give testimony that is relevant and helpful to the defense of an accused, or is necessary to a fair determination of the issue of guilt or innocence." In determining whether nondisclosure of an informant's identity was proper, the district court should make a case-by-case decision, depending "on the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors." *State v. Campos*, 113 N.M. 421, 424, 827 P.2d 136, 139 (Ct. App. 1991) (internal quotation marks and citation omitted), *reversed on other grounds by*

117 N.M. 155, 870 P.2d 117 (1994). "On appeal, we review the trial court's decision denying disclosure of the identity of a confidential informant for an abuse of discretion." *Id.*

In *Campos*, we found no abuse of discretion by the district court in denying a motion to conceal the identity of a CI when the informant was not present during the search of the premises or when the defendant was stopped and arrested. *Id.* In *Campos*, the facts showed that the "informant was not a witness to any sale or [the] defendant's possession of the controlled substance found at the time of his arrest" and that "the confidential informant conveyed information that defendant had been distributing controlled substances and that he would be engaging in illicit drug activity on the morning that he was apprehended." *Id.* We decided that the trial court, therefore, "could properly conclude that the informant did not possess information relevant to the preparation or presentation of [the defendant's] defense, or which would exculpate [the] defendant from the charge against him." *Id.* at 425, 827 P.2d at 140.

Unpersuaded that disclosure was necessary in the current case under our rules and case law, we stated in our notice that Defendant, similarly, was not charged with a crime based upon the transaction witnessed by the CI. Rather, the evidence of the crime was found during the execution of the search warrant. [RP 69] It appeared that

at various times during the month before the search and arrest of Defendant, the CI observed Defendant either selling or possessing large amounts of cocaine from his residence. [DS 3; RP 60, 225] The record gave us no indication that the CI would "be able to give testimony that [would be] relevant and helpful to the defense of [the] accused, or [would be] necessary to a fair determination of the issue of guilt or innocence." Rule 11-510(C)(2). In our notice, we proposed to affirm because without more specific argument and information from Defendant, we saw no abuse of discretion in the nondisclosure of the CI's identity.

In response to our notice, Defendant argues that the disclosure of the CI's identity was necessary because the information provided by the CI led the police to their suspicion that Defendant was involved in selling drugs and contributed to the basis for the search warrant. [MIO 4-5] We fail to see how this differs from information provided by any informant or why this informant's identity should be excepted from the prosecution's privilege. Defendant also contends that the informant could have provided relevant testimony that might have aided Defendant by verifying his defense that Ms. Nivens was responsible for the drugs in the residence. [MIO 5] Defendant gives us no indication why the informant's testimony might support his defense beyond mere speculation and assertion. Under these circumstances, we cannot say that the district court abused its discretion by protecting the State's

privilege. *See* Rule 11-510(C)(2). Therefore, we affirm this decision.

**The Recordings**

In his docketing statement, Defendant claimed that the district court erred by permitting the State to play all five taped conversations to the jury without first making the tapes available to Defendant and by permitting the State to play as many tapes as it wanted. [DS 7; MIO 6-7] Defendant states that the defense was provided with actual copies of the tapes of three telephone calls Defendant made from prison, but not the other two. [MIO 6]

The district court ruled that Defendant impliedly consented to the monitoring of his phone calls. [DS 4; RP 253] As we stated in our notice, the record indicates that testimony was given that every inmate receives a handbook advising that phone calls are recorded. [RP 168] Also, testimony indicated that there is a warning on the phone stating that this phone call is being recorded and may be monitored at any time, and that when a phone call is answered it states who is calling from the Curry County Detention Center. [Id.]

The record suggests that the State gave Defendant notice of the State's recorded phone calls, that Defendant knew about the conversations, that the State did not know Defendant did not have all the tapes, and that Defendant did not request all the recordings the State said that it had on file. [RP 169] The record also indicates that

the State disclosed the general content of the recorded statements and discussed it at length at a motions hearing where both the State and the defense questioned Defendant about the phone calls. [RP 208] Defendant gives us no indication that the State failed to disclose the existence of the tapes and/or failed to make the tapes available to Defendant, pursuant to the requirements of Rule 5-501(A) NMRA. On these facts, we see no reversible error.

Also in his response to our notice, Defendant contends that the district court should have excluded the taped conversations pursuant to the Rule 11-403 NMRA balancing test, because the conversations involved future behavior and therefore were of little probative value. [MIO 7] Without more information, we disagree. Presuming the conversations discussed future drug dealing, they would indicate a pattern of behavior that is highly relevant. Defendant's generalized allegations of prejudice are not sufficient to show reversible error. *See In re Ernesto M., Jr.*, 1996-NMCA-039, ¶ 10, 121 N.M. 562, 915 P.2d 318 ("An assertion of prejudice is not a showing of prejudice."); *State v. Fernandez*, 117 N.M. 673, 677, 875 P.2d 1104, 1108 (Ct. App. 1994) ("In the absence of prejudice, there is no reversible error.").

**Shackled Defense Witness**

Defendant argues that the district court violated his rights to equal protection and a fair trial by enforcing the policy that inmates must testify while shackled and

dressed in prison uniform, and requiring Ms. Nivens, a key defense witness, to testify in that manner. [MIO 8-10] Defendant refers this Court to federal case law prohibiting defendants from being compelled to stand trial before a jury in prison clothes. [MIO 8-10] We see a material distinction between requiring a defendant to stand trial and compelling an inmate witness to testify in prison clothing. Furthermore, we do not see how Defendant was prejudiced. The defense theory was that Ms. Nivens was responsible for having the drugs in the residence; therefore, Defendant already had implicated its key witness in criminal behavior. We do not see how Ms. Nivens' appearance at trial would significantly blemish the jury's view of her character in a manner that rises to a violation of Defendant's constitutional rights. Her appearance as an inmate could support the defense's theory, not materially damage it. For these reasons, we are not persuaded that Defendant has demonstrated reversible error.

**Prosecutor's Comment in Opening Statement**

Defendant contends that the district court erred by denying his motion for a mistrial when the State's opening argument indicated that it had information that Defendant was involved in past drug sales. [DS 7; MIO 11-14]

"If the trial judge believes that a prosecutor's impropriety is substantially likely to cause a miscarriage of justice, the judge should grant a defendant's motion for a

mistrial. Otherwise, granting a mistrial motion is inappropriate." *State v. Reynolds*, 111 N.M. 263, 266, 804 P.2d 1082, 1085 (Ct. App. 1990). A ruling on a motion for a mistrial is addressed to the sound discretion of the trial court and will not be disturbed absent a showing of abuse of discretion. *See State v. McDonald*, 1998-NMSC-034, ¶ 26, 126 N.M. 44, 966 P.2d 752. An abuse of discretion occurs when the ruling is clearly against the logic and effect of the facts and circumstances of the case. We cannot say the trial court abused its discretion by its ruling unless we can characterize it as clearly untenable or not justified by reason. *State v. Rojo*, 1999-NMSC-001, ¶ 41, 126 N.M. 438, 971 P.2d 829 (filed 1998) (internal quotation marks and citations omitted).

As we observed in our notice, it appeared that the State presented evidence that officers were investigating Defendant, that they had a search warrant, that they found drugs, and that the amount of drugs was "way more" than what could be for personal use. [RP 164-71] This testimony would support the conclusion that Defendant was indeed selling drugs. [RP 164-171] Because there was evidence presented that Defendant was selling drugs, we proposed to affirm on the basis that the prosecutor's statement indicating that law enforcement had information that Defendant was involved in past drug sales did not cause a miscarriage of justice.

In response to our notice, Defendant contends that the only evidence of

9

possession with the intent to distribute that was presented to the jury was taken at the time of the search. [MIO 12] He states that there was no evidence presented at trial that Defendant was involved in drug dealing in the past. [Id.] We are not persuaded that the disparity in the factual support for the prosecutor's comments about past dealing and the testimony presented that officers had been investigating Defendant, obtained a warrant, and found drugs is sufficient to warrant a mistrial. Therefore, we affirm the denial of Defendant's motion.

**Fundamental and Cumulative Error**

Lastly, Defendant contends that he was denied a fair trial based on the cumulative effect of irregularities and errors. [DS 7; MIO 14-15] Defendant does not specify what he believes to be fundamental error, thus we address only his allegation of cumulative error.

"The doctrine of cumulative error requires reversal when a series of lesser improprieties throughout a trial are found, in aggregate, to be so prejudicial that the defendant was deprived of the constitutional right to a fair trial." *State v. Duffy*, 1998-NMSC-014, ¶ 29, 126 N.M. 132, 967 P.2d 807, *modified on other grounds by State v. Gallegos*, 2007-NMSC-007, ¶ 17, 141 N.M. 185, 152 P.3d 828. The cumulative error doctrine is strictly applied, and may not be successfully invoked if the record as a whole demonstrates that the defendant received a fair trial. *State v. Trujillo*, 2002-

NMSC-005, ¶ 63, 131 N.M. 709, 42 P.3d 814. When there is no error, "there is no cumulative error." *State v. Aragon*, 1999-NMCA-060, ¶ 19, 127 N.M. 393, 981 P.2d 1211. "We have noted on several occasions that a fair trial is not necessarily a perfect trial." *State v. Allen*, 2000-NMSC-002, ¶ 117, 128 N.M. 482, 994 P.2d 728.

Defendant argues that the district court should have declared a mistrial based on all the errors he raises in his appeal, together with the fact that the jurors had a long, nine-hour day, they were hungry, and they quickly returned a guilty verdict. [MIO 6; MIO 14] Our notice observed that Defendant did not provide this Court with sufficient context to determine whether the conditions were particularly coercive or oppressive for the jury, whether the jury wanted to leave, whether the jury wanted another time to deliberate, or if the evidence of his guilt was not so overwhelming that it required more deliberations. Also, Defendant did not state what other safeguards he requested short of mistrial. Without more information, we were not persuaded that a possibly tired and hungry jury denied Defendant a fair and impartial trial.

In response to our notice, Defendant does not present any new factual or legal argument indicating why the conditions were oppressive to the jury. Because we are neither persuaded that Defendant has established minor errors nor that he was denied a fair trial, "[t]he doctrine of cumulative error is not applicable." *Id.*

For the reasons discussed in this opinion and in our notice, we affirm the district

court's judgment and sentence.

**IT IS SO ORDERED.**

_____

**CELIA FOY CASTILLO, Judge**

**WE CONCUR:**

_____

**CYNTHIA A. FRY, Chief Judge**

_____

**TIMOTHY L. GARCIA, Judge**