This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                    **NO. 30,684**

**NOHEMI HIGADERA,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Fernando R. Macias, District Judge**

Gary K. King, Attorney General
Andrew S. Montgomery, Assistant Attorney General
Santa Fe, NM

for Appellee

HughW. Dangler, Chief Public Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**KENNEDY, Judge.**

Defendant appeals from a judgment and sentence filed after she entered a plea of no contest to residential burglary, reserving the right to challenge the denial of her

motion to suppress. We issued a calendar notice proposing to reverse, and the State has responded with a memorandum in opposition. We reverse.

We will not overturn the trial court's ruling on a motion to suppress if it is supported by substantial evidence. *See State v. Galloway*, 116 N.M. 8, 9, 859 P.2d 476, 477 (Ct. App. 1993). In making this determination, we review the facts in the light most favorable to the trial court's ruling. *Id.* Nevertheless, we conduct a de novo review on the ultimate issue concerning the reasonableness of an alleged constitutional violation. *State v. Flores*, 1996-NMCA-059, ¶ 6, 122 N.M. 84, 920 P.2d 1038.

Here, Defendant argued in her docketing statement that the motion should have been granted on two independent grounds: the officer lacked probable cause to arrest her, and there were no exigent circumstances to support the warrantless arrest. [DS 7] We issued a calendar notice that did not address the probable cause issue, because we proposed to hold that the warrantless arrest was invalid under these circumstances "[F]or a warrantless arrest to be reasonable the arresting officer must show that the officer had probable cause to believe that the person arrested had committed or was about to commit a felony and some exigency existed that precluded the officer from securing a warrant." *Campos v. State*, 117 N.M. 155, 159, 870 P.2d 117, 121 (1994). "Exigent circumstances means an emergency situation requiring swift action to

prevent imminent danger to life or serious damage to property, or to forestall the imminent escape of a suspect or destruction of evidence." *Id*. at 158, 870 P.2d at 120 (internal quotation marks and citation omitted). We consider whether "on the basis of the facts known to a prudent, cautious, trained officer, the officer could reasonably conclude that swift action was necessary." *State v. Valdez*, 111 N.M. 438, 441, 806 P.2d 578, 581 (Ct. App. 1990) (internal quotation marks and citation omitted).

In the present case, we will presume that the arresting officer had probable cause to link Defendant to a residential burglary and a commercial burglary that had occurred the day prior to Defendant's arrest. The officer went to a home where a vehicle was parked that was involved in at least one of the prior crimes. [MIO 2-3; DS 3-4] The officer was let into the home by an individual and he made contact with Defendant in her bedroom. [DS 4] Defendant gave consent to search the vehicle in question, and no evidence was found inside. [DS 5] No missing property was seen at any point, and there were no indications that Defendant was attempting to flee; to the contrary, she was cooperative, and the investigation had been taking place at her residence. [DS 5] The officer arrested Defendant at this point. [DS 5]

In denying Defendant's motion to suppress, the district court concluded that "exigent circumstances are related to almost any property crime" and Defendant could have destroyed evidence because she knew she was under investigation. [RP 79-80]

Our calendar notice proposed to reverse because our case law is clear that there must be specific, articulable facts to support exigency, and we believe that it is too speculative and unfounded to conclude that all property crimes inherently involve the imminent destruction of evidence. *See, e.g.*, *State v. Duffy*, 1998-NMSC-014, ¶ 70, 126 N.M. 132, 967 P.2d 807 (noting that "the presence of exigent circumstances must be supported by specific articulable facts.").

In its memorandum in opposition, the State argues that exigency is established by a number of factors. First, it argues that the officer ran a check on Defendant's license plate, and it could be reasonably inferred that the officer discovered that Defendant had a criminal record that included failure to appear and similar acts involving flight. [DS 5] Even if we assume, arguendo, that such acts might constitute a type of permanent exigency, the district court did not rely on this as a basis for its decision, and we decline to do so on appeal in the absence of a specific factual determination. *See State v. Franks*, 119 N.M. 174, 177, 889 P.2d 209, 212 (Ct. App. 1994) (stating that this Court may "affirm a district court ruling on a ground not relied upon by the district court, [but] will not do so if reliance on the new ground would be unfair to the appellant"). Second, with respect to the partial concealment of the license plate [MIO 5], this related to concealment of Defendant's identity, which was obviously no longer at issue. Third, the State argues that Defendant's car was in the

4

driveway, and she could have used this car to flee in the same manner that she fled the crime scene. [MIO 5] Our Supreme Court has rejected this type of inherent exigency approach to automobiles. *See State v. Gomez*, 1997-NMSC-006, ¶¶ 33-40, 122 N.M. 777, 932 P.2d 1. (requiring exigent circumstances to justify the warrantless search of an automobile, contrary to federal law). Fourth, the State argues that Defendant could have sought to destroy or hide the shoes she was wearing, items the officer believed were linked to the burglary. [MIO 6] Again, in light of Defendant's cooperation, it is pure speculation to assume that she would have destroyed this evidence. Fifth, the State argues that it was reasonable to assume that Defendant knew of the location of the stolen property. [MIO 6] This is true of any investigation, and we decline to adopt the State's and the district court's conclusion that knowing that one is the target of an investigation automatically triggers exigency sufficient to dismiss the need to procure a warrant. In the absence of any behavior on Defendant's part that transformed speculation into specific, articulable facts supporting exigency, we conclude that the officer did not have reasonable grounds to make the warrantless arrest.

For the reasons stated above, we reverse.

**IT IS SO ORDERED.**

_____

**RODERICK T. KENNEDY, Judge**

5

**WE CONCUR:**

_____

**CYNTHIA A. FRY, Chief Judge**

_____

**TIMOTHY L. GARCIA, Judge**