This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-40943**

**AARON GONZALES,**

Plaintiff-Appellant,

v.

**CITY OF CARLSBAD, NEW MEXICO,
a political subdivision of the State of
New Mexico, and the CITY OF CARLSBAD
POLICE DEPARTMENT,**

Defendants-Appellees,

and

**EDDY COUNTY BOARD OF COUNTY
COMMISSIONERS, a political subdivision
of the State of New Mexico; and the EDDY
COUNTY SHERIFF'S OFFICE,**

Defendants.

**APPEAL FROM THE DISTRICT COURT OF EDDY COUNTY
Michael H. Stone, District Court Judge**

Eric D. Dixon
Portales, NM

for Appellant

Hinkle Shanor LLP
Richard E. Olson
Chelsea R. Green
Roswell, NM

for Appellees

## MEMORANDUM OPINION

**HENDERSON, Judge.**

**{1}** This appeal arises from a case of mistaken identity. Plaintiff Aaron Gonzales was arrested pursuant to a warrant that was issued based on allegations concerning an individual of the same name. Following the arrest, Plaintiff sued Defendants City of Carlsbad, New Mexico (the City), and City of Carlsbad Police Department (CPD) (collectively, Defendants) under the New Mexico Tort Claims Act (TCA), NMSA 1978, §§ 41-4-1 to -30 (1976, as amended through 2020), for negligent operation of machinery and equipment and for false arrest and false imprisonment. The district court granted summary judgment in Defendants' favor on all counts. Plaintiff appeals, arguing that summary judgment was improperly granted on his claim for negligent operation of machinery and equipment because (1) 911 dispatchers do not have immunity under the Enhanced 911 Act, NMSA 1978, §§ 63-9D-1 to -11.1 (1989, as amended through 2017), for the use of internal records programs; and (2) there was a dispute of material fact regarding the inadequacy of training and the City's failure to maintain internal records programs. Additionally, Plaintiff argues that summary judgment was improperly granted on his claims of false arrest and false imprisonment because there were numerous disputes of fact precluding the grant of summary judgment. For the reasons that follow, we affirm.

## BACKGROUND

**{2}** The following facts are undisputed. In July 2020, Regional Emergency Dispatch Authority (REDA), a consolidated dispatch center for Eddy County, New Mexico, called the CPD dispatch center with a be-on-the-lookout (BOLO) for a blue Jeep driven by an Aaron Gonzalez, date of birth December 9, 2000. The CPD dispatchers did not ask how the individual's name was spelled, and REDA did not provide a spelling. After receiving the BOLO, a CPD dispatcher searched the internal CPD Law Enforcement Records Management System (LERMS) for any information regarding the individual. The CPD dispatcher first entered the date of birth provided by REDA and received no results. Then, the CPD dispatcher searched both "Aaron Gonzales" and "Aaron Gonzalez" and located information regarding an Aaron Gonzales with a December 10, 2001, birthdate—this information corresponds to Plaintiff. Plaintiff's information was in LERMS due to a municipal traffic citation. Based on the similarities between the information he found in LERMS and the individual described in the BOLO, the dispatcher called REDA and provided an updated birthdate of December 10, 2001, for the individual who was the subject of the BOLO and a corresponding driver's license number.

**{3}** The following day an Eddy County Sheriff's detective filed a criminal complaint with an affidavit for an arrest warrant for an "Aaron Gonzales" with a date of birth of December 10, 2001. Unfortunately, this information corresponded to Plaintiff—not the individual who was the subject of the BOLO. Although the details surrounding the following events are disputed, it is undisputed that about a month following the issuance of the arrest warrant, two CPD officers went to an apartment complex in Carlsbad, New

Mexico. At some point in the evening, the officers encountered Plaintiff and arrested him pursuant to the arrest warrant. Sometime later, the officers discovered that Plaintiff was not the individual they were looking for and Plaintiff was released from custody.

**{4}** As a result of his arrest, Plaintiff filed a lawsuit alleging that CPD was liable for false arrest and false imprisonment, and that the City was liable for failure to adequately maintain LERMS pursuant to the TCA. Defendants moved for summary judgment on all counts. The district court granted Defendants' motion for summary judgment on Plaintiff's claim for negligent maintenance of LERMS, finding that dispatchers have immunity under the Enhanced 911 Act, and that there was no waiver of immunity under Section 41-4-6 of the TCA. Following Defendant's motion for reconsideration, the district court also granted summary judgment on Plaintiff's claims of false arrest and false imprisonment. Plaintiff appeals.

## DISCUSSION

**{5}** "Summary judgment is appropriate where there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law." *Self v. United Parcel Serv., Inc.*, 1998-NMSC-046, ¶ 6, 126 N.M. 396, 970 P.2d 582. "The movant need only make a prima facie showing that [they are] entitled to summary judgment." *Bank of N.Y. Mellon v. Lopes*, 2014-NMCA-097, ¶ 6, 336 P.3d 443 (internal quotation marks and citation omitted). "Upon the movant making a prima facie showing, the burden shifts to the party opposing the motion to demonstrate the existence of specific evidentiary facts which would require trial on the merits." *Id.* (internal quotation marks and citation omitted). Although our review is de novo, *see Self*, 1998-NMSC-046, ¶ 6, "it is the appellant's burden to demonstrate, by providing well-supported and clear arguments, that the district court has erred," *Premier Tr. of Nev., Inc. v. City of Albuquerque*, 2021-NMCA-004, ¶ 10, 482 P.3d 1261. Plaintiffs have failed to do so.

## I.      Negligent Operation or Maintenance of Machinery or Equipment

**{6}** First, Plaintiff argues that the district court improperly granted summary judgment on his claim under Section 41-4-6 for the City's negligent operation and maintenance of the LERMS computer system because there was a dispute of material fact regarding the inadequacy of training and the failure to maintain LERMS.[1] We disagree. Plaintiff

---

1Plaintiff also argues that immunity for the CPD dispatcher's acts is waived under Section 41-4-12. Specifically, while Plaintiff acknowledges that the CPD dispatcher "was not a law enforcement officer as that term is currently construed," Plaintiff contends that immunity is waived under Section 41-4-12 because "law enforcement officers supervised the LERMS and the [CPD] dispatch center." Plaintiff, however, has failed to identify where in the record this issue was presented to the district court. *See Crutchfield v. N.M. Dep't of Tax'n & Revenue*, 2005-NMCA-022, ¶ 14, 137 N.M. 26, 106 P.3d 1273 ("[O]n appeal, the party must specifically point out where, in the record, the party invoked the court's ruling on the issue. Absent that citation to the record or any obvious preservation, we will not consider the issue."). Nor has Plaintiff supported his argument on appeal with citation to legal authority. As a result, we decline to address this matter further. *See Lee v. Lee* (*In re Adoption of Doe*), 1984-NMSC-024, ¶ 2, 100 N.M. 764, 676 P.2d 1329 ("Issues raised in appellate briefs which are unsupported by cited authority will not be reviewed by us on appeal.").

has not provided any evidence that would raise a question of fact regarding any problems with how the CPD dispatch center was run.

**{7}** Section 41-4-4(A) of the TCA grants immunity to governmental entities and public employees from liability in tort except as waived by Sections 41-4-5 through 41-4-12. *See Upton v. Clovis Mun. Sch. Dist.*, 2006-NMSC-040, ¶ 8, 140 N.M. 205, 141 P.3d 1259. Commonly referred to as the "building waiver," *Cobos v. Doña Ana Cnty. Hous. Auth.*, 1998-NMSC-049, ¶ 1, 126 N.M. 418, 970 P.2d 1143. Section 41-4-6(A) states that governmental entities and public employees may be liable "for damages resulting from bodily injury, wrongful death or property damage caused by the negligence of public employees while acting within the scope of their duties in the operation or maintenance of any building, public park, machinery, equipment or furnishings." "The building waiver extends to negligence arising from the failure to follow protocols and procedures that gives rise to a dangerous condition affecting the general public or a class of users of the premises." *Sanders v. N.M. Corr. Dep't*, 2024-NMSC-027, ¶ 47, 562 P.3d 572.

**{8}** Plaintiff first attempts to create a dispute of fact by asserting that "LERMS was carelessly operated and maintained by [the City] because a traffic ticket for [Plaintiff] was improperly placed in the system . . . ." In support of this assertion, Plaintiff relies on testimony from two depositions indicating that CPD dispatchers were generally not able to access information regarding traffic citations in LERMS. Additionally, Plaintiff attempts to support his assertion with statements in an expert's affidavit that LERMS "was carelessly operated and maintained by [CPD] by allowing information from a traffic ticket for Plaintiff to be placed in the system . . . in violation of standard [procedures] and protocols."

**{9}** This evidence is insufficient to create a dispute of fact. Testimony that the CPD dispatchers "generally" could not access information about traffic citations is insufficient to create a dispute of fact as to whether such information could not be entered into LERMS according to governmental protocols or procedures. Moreover, Plaintiff fails to identify the protocol or procedure that was allegedly violated when information regarding

Finally, Plaintiff argues that that the district court erred in concluding that the CPD dispatcher, and by extension, the City, was immune under the Enhanced 911 Act for using LERMS because LERMS is not an enhanced 911 system. Because, as we discuss below, we conclude that Plaintiff has not established the district court erred in granting summary judgment on the ground that immunity was not waived under the TCA, it is unnecessary to address whether the district court erred in concluding that the City had immunity under the Enhanced 911 Act, and we decline to do so. Our decision not to reach this issue, however, should not be read as a tacit agreement with the district court's ruling on this matter. Since the district court issued its decision in this case and briefing was completed in this appeal, the New Mexico Supreme Court provided guidance on the immunity provision in the Enhanced 911 Act. *See Ferlic v. Mesilla Valley Reg'l Dispatch Auth.*, ___-NMSC-___, ¶ 12, ___ P.3d ___ (S-1-SC-40162, Apr. 21, 2025). In *Ferlic*, the Court narrowed the applicability of this provision, concluding that "[t]he Enhanced 911 Act . . . provide[s] immunity only for those situations where there is some technical failure in the [enhanced] 911 system itself"—a situation not alleged to have occurred in this case. *See id.* ¶ 21 (alterations and internal quotation marks omitted). Even without *Ferlic*, however, it is questionable whether Defendants met their burden to establish that the dispatcher was "maintaining or providing" an enhanced 911 system, as that term is defined in the Enhanced 911 Act. *See* § 63-9D-3(M).

Plaintiff's traffic ticket was entered into LERMS. Nor could we find any such protocol or procedure upon our own review of the record. *See Durham v. Guest*, 2009-NMSC-007, ¶ 10, 145 N.M. 694, 204 P.3d 19 (stating that "reference to facts not before the district court and not in the record is inappropriate and a violation of our Rules of Appellate Procedure"). Accordingly, it is impossible for this Court on appeal, as it was impossible for the district court below, to determine whether this testimony could create a genuine dispute of fact as to the City's compliance with protocols and procedures. *Elane Photography, LLC v. Willock*, 2013-NMSC-040, ¶ 70, 309 P.3d 53 ("We will not review unclear arguments, or guess at what a party's arguments might be." (alteration, internal quotation marks, and citation omitted)). Without a proper record, we fail to see how the deposition testimony demonstrates that the City violated any protocol or procedure by inputting the information. Finally, Plaintiff's reliance on the expert affidavit is similarly misplaced to the extent the affidavit includes legal conclusions. As experts cannot testify as to matters of law, such statements cannot bring a fact into genuine dispute. *See Beal v. S. Union Gas Co.*, 1960-NMSC-019, ¶¶ 29-30, 66 N.M. 424, 349 P.2d 337 (concluding that expert testimony was properly stricken at trial because it is not the function of any witness to state an opinion on a matter of law); *Wilde v. Westland Dev. Co.*, 2010-NMCA-085, ¶ 28, 148 N.M. 627, 241 P.3d 628 (stating that a court cannot consider evidence at the summary judgment stage "if the substance of the evidence is inadmissible at trial" (emphasis omitted)). Therefore, Plaintiff has not demonstrated a genuine dispute as to the propriety of entering information concerning a traffic ticket into LERMS.

**{10}** Plaintiff next asserts that the dispatcher deviated from his certification and training when he provided "irrelevant information from LERMS" to REDA. Plaintiff again supports this assertion with statements made in an expert's affidavit. However, these statements do not indicate the training and certification standards that the dispatcher allegedly violated. Again, without a record containing relevant facts, any allegations regarding violations of training and certification are speculative and cannot create a genuine dispute of fact. *See Kreutzer v. Aldo Leopold High Sch.*, 2018-NMCA-005, ¶ 27, 409 P.3d 930 ("The non[]movant [on summary judgment] cannot meet th[eir] burden with allegations or speculation but must present admissible evidence demonstrating the existence of a genuine issue of fact requiring trial."). Moreover, these statements also contain legal conclusions, which cannot bring a fact into genuine dispute. *See Beal,* 1960-NMSC-019, ¶¶ 29-30. Thus, Plaintiff has not demonstrated a genuine dispute as to the dispatchers' training, and therefore summary judgment was properly granted on this ground. Based on the foregoing, summary judgment was properly granted on Plaintiff's claim under Section 41-4-6 because he has not demonstrated a genuine dispute of material fact.

## II.     False Arrest and False Imprisonment

**{11}** Next, Plaintiff argues that the district court erred in granting summary judgment on his claims of false arrest and false imprisonment. Under the TCA, law enforcement officers may be liable for "personal injury, bodily injury, wrongful death or property damage resulting from," among other things, false imprisonment or false arrest. Section

41-4-12. "A false arrest is merely one way of committing false imprisonment." *Santillo v. N.M. Dep't of Pub. Safety*, 2007-NMCA-159, ¶ 12, 143 N.M. 84, 173 P.3d 6. "The tort of false imprisonment occurs [(1)] when a person intentionally confines or restrains another person without consent and [(2)] with knowledge that [they have] no lawful authority to do so." *Id.* In this case, Defendants do not dispute that Plaintiff was intentionally confined without his consent when the officers arrested him. As a result, only the second element of false imprisonment is at issue.

{12}    On appeal, Plaintiff contends that there were several disputes of fact precluding the grant of summary judgment which, for purposes of our analysis, we have categorized into two broad disputes: (1) whether the officers had authority to arrest Plaintiff at the time he was confined; and (2) whether the officers had a good faith basis for relying on the arrest warrant. We discuss these issues in turn.[2]

## A.    Authority to Arrest

{13}    A law enforcement officer falsely imprisons someone if they confine a person knowing "that [they have] no lawful authority to do so." *Id.* ¶ 12. An officer has the lawful authority to confine a person if they have probable cause to carry out an arrest. *See id.*

{14}    Defendants assert that the officers arrested Plaintiff after discovering a facially valid warrant for his arrest. Plaintiff does not contend that Defendants failed to make a prima facie showing that the officers had lawful authority to arrest him—a showing that the district court implicitly found by ruling for Defendants. *Cf. Chavez v. S.E.D. Laboratories*, 2000-NMSC-034, ¶ 19, 129 N.M. 794, 14 P.3d 532 ("Findings are sufficient if, taken together and construed in support of the judgment, they justify that judgment."). Because law enforcement has statutory authority to arrest pursuant to a facially sufficient and validly issued arrest warrant, *see* NMSA 1978, § 31-1-4(C) (1975), we treat Plaintiff's failure to challenge the district court's finding as a concession that Defendants' summary judgment motion was supported by sufficient evidence to prove the element of lawful authority. *See Seipert v. Johnson*, 2003-NMCA-119, ¶ 26, 134 N.M. 394, 77 P.3d 298 ("An unchallenged finding of the [district] court is binding on appeal."). Thus, it is Plaintiff's burden to present evidence that rebuts Defendant's prima facie case, warranting a trial on this issue. *See Associated Home & RV Sales, Inc. v. Bank of Belen*, 2013-NMCA-018, ¶ 23, 294 P.3d 1276.

---

2Plaintiff also argues on appeal that that the district court abused its discretion in granting Defendants' motion for reconsideration because the district court relied on *Morales v. City of Hobbs*, No. CV 18-130, 2018 WL 4685577 (D.N.M. Sept. 28, 2018) (mem. and order), an unpublished, factually-distinct federal case. We note that the district court granted summary judgment on Plaintiff's claims of false arrest and false imprisonment because, "there is a line of cases in New Mexico that holds an arresting officer[] who relies on a facially valid warrant[] is not subject to civil liability." To support this assertion, the court explicitly cited *Morales* because it contains "an instructive overview of primary authority regarding the specific issue herein," including *Santillo*, 2007-NMCA-159. Thus, the district court did not grant summary judgment based upon *Morales* and Plaintiff has not demonstrated any error from the district court's citation to the same.

**{15}** Plaintiff disputes the issue of lawful authority by arguing that the officers did not know about the warrant at the time of the arrest and that they lacked probable cause for a warrantless arrest based on an alleged larceny. However, Plaintiff offers no relevant evidence to support these positions. Plaintiff only directs us to the statement of one of the arresting officers in a case report narrative in which the officer asserts that "[Plaintiff] was immediately detained and placed in handcuffs" upon the officers' arrival. However, upon review of the case report narrative, it is clear that the report does not support Plaintiff's contentions. The report indicates that the officers "attempted to make contact with a wanted subject," identified as Plaintiff, who "had a no bond felony warrant out for his arrest . . . ." Even viewing the evidence in the light most favorable to Plaintiff, *see City of Albuquerque*, 2009-NMCA-081, ¶ 7, thereby assuming he was arrested as soon as he stepped outside of the apartment, we fail to see how this is evidence that the officers arrested Plaintiff before they knew about the outstanding warrant. Moreover, because the officers were executing a facially valid arrest warrant, they did not need independent probable cause at the time of arrest. *See Campos v. State*, 1994-NMSC-012, ¶¶ 13-14, 117 N.M. 155, 870 P.2d 117 (stating that New Mexico courts "strongly favor the warrant requirement" and an arrest without a warrant is valid only if supported by probable cause and exigent circumstances). Because Plaintiff has failed to indicate any evidence requiring a trial on the merits, we conclude that he has failed to demonstrate a genuine dispute of material fact regarding the officers' authority to arrest.

## B.    Good Faith Defense

**{16}** Next, Plaintiff argues that the officers did not act in good faith when executing the arrest warrant. In New Mexico, "good faith and reasonable belief in the lawfulness of the action taken are defenses to a false arrest claim." *Perea v. Stout*, 1980-NMCA-077, ¶ 38, 94 N.M. 595, 613 P.2d 1034. Thus, the question before us is whether there was a dispute of fact regarding the officers' good faith basis for relying on the arrest warrant. We conclude that Plaintiff has not demonstrated a genuine dispute of fact as to the officers' reliance on the warrant.

**{17}** First, Plaintiff asserts that the officers did not have a good faith basis for relying on the arrest warrant because they failed to verify the accuracy of the information in the arrest warrant pursuant to guidelines provided by the National Crime Information Center (NCIC). Relying on *Weinstein v. City of Santa Fe ex rel. Santa Fe Police Department*, Plaintiff seemingly argues that this alleged failure to follow the NCIC guidelines amounts to a negligent failure to perform a statutory duty. 1996-NMSC-021, ¶ 27, 121 N.M. 646, 916 P.2d 1313 (stating that a plaintiff "may raise a claim for personal injuries resulting from a law enforcement officer's negligent failure to perform a statutory duty"). However, Plaintiff's reliance on *Weinstein* is misplaced. *Weinstein* concerned law enforcement officers' liability under Section 41-4-12 for the deprivation of statutory rights created by four different statutes. *Weinstein*, 1996-NMSC-021, ¶¶ 27-32. Our Supreme Court held that the four statutes relied on by the plaintiffs "secure[d] private rights which may be enforced under the [TCA]," and thus the officers could be liable. *Id.* ¶ 33. In this case, Plaintiff has not indicated any statute that supports his assertion that the officers violated statutory rights. Nor has Plaintiff argued that the NCIC guidelines, or any other

legislation or regulation, are statutes that "secure private rights which may be enforced under the [TCA]." *See id.* In the absence of any authority to support Plaintiff's argument, we decline to address it further. *See Lee v. Lee* (*In re Adoption of Doe*), 1984-NMSC-024, ¶ 2, 100 N.M. 764, 676 P.2d 1329 ("Issues raised in appellate briefs which are unsupported by cited authority will not be reviewed by us on appeal.").

**{18}** Second, Plaintiff asserts that "[a]n officer has an obligation to exercise due diligence to ensure that the person detained is actually the person sought under the warrant and not merely someone of the same or a similar name." Plaintiff cites no New Mexico authority to support this proposition. However, even assuming, without deciding, that law enforcement officers in New Mexico could be bound by such a duty, Plaintiff has failed to demonstrate that the officers in this case did not use due diligence or have reasonable belief that Plaintiff was the intended subject of the warrant. In their motion for summary judgment, Defendants demonstrated that the officers discovered an outstanding felony arrest warrant associated with Plaintiff's driver's license number. The officers confirmed that the warrant was for Plaintiff because his social security number correlated with the number on the warrant. Plaintiff does not provide any evidence to dispute these facts and instead relies on an expert affidavit comprised largely of legal conclusions, which are inadmissible at trial, and thus cannot bring a fact into genuine dispute. *See Beal*, 1960-NMSC-019, ¶¶ 29-30, (concluding that expert testimony was properly stricken at trial because it is not the function of any witness to state an opinion on a matter of law); *Wilde*, 2010-NMCA-085, ¶ 28 (stating that a court cannot consider evidence at the summary judgment stage "if the *substance* of the evidence is inadmissible at trial"). Moreover, Plaintiff has failed to cite any authority establishing that the officers' efforts to verify the information in the arrest warrant were insufficient as a matter of law. *See In re Adoption of Doe*, 1984-NMSC-024, ¶ 2. Therefore, Plaintiff has failed to demonstrate that summary judgment was improperly granted on this ground.

**{19}** For these reasons, we conclude that summary judgment was properly granted on Plaintiff's claims of false arrest and false imprisonment.

**CONCLUSION**

**{20}** For the foregoing reasons, we conclude that summary judgment was properly granted and we therefore affirm.

**{21}  IT IS SO ORDERED.**

**SHAMMARA H. HENDERSON, Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Judge**

**ZACHARY A. IVES, Judge**